Nov. Term,
1840.

WHITE *v.* CONOVER.

WHITE
*v.*
CONOVER.

Where statutory powers are conferred on a Court of inferior jurisdiction, and a mode of executing those powers is prescribed, the course pointed out must be substantially pursued, or the acts of the Court on the subject will be *coram non judice* and void.

The board doing county business is not empowered to establish a road of undefined width, and its order establishing such a road is void.

A plea professing to answer the whole declaration, but answering only a part, is bad.

In trespass *quare clausum fregit* for several trespasses, the defendant justified on account of a highway over the close in which, &c., and the plaintiff new assigned for trespasses *extra viam*, without traversing the plea. *Held*, that the existence of the highway was admitted.

*Friday,*
*December 4.*

ERROR to the *Wayne* Circuit Court.

DEWEY, J.—This was an action of trespass *quare clausum fregit.* The declaration contains two counts. The first count alleges a continuing trespass in one close describing it by abuttals, and the second, a similar trespass in another close generally; both counts charge the felling of timber, &c.

The defendant pleaded, 1. The general issue; 2. Professing to answer the whole declaration, he alleged the existence of a highway " over and along the said *close* in which," &c., and because the trees " in the declaration mentioned obstructed the highway in the said close," he felled and removed them, doing as little injury as possible, which were the same supposed trespasses, &c.; 3. *Actio non,* because before the time when, &c., on, &c., " the board of county commissioners of *Wayne* county aforesaid, at their regular session of *August,* &c., and on their record books, among other things, did order that a certain road (describing its beginning, boundaries on one side, and termination,) should be taken and deemed as a public highway to be opened by the said *White,* (the defendant below,) which order will more fully appear, reference being had to the proceedings and records of the board of county commissioners aforesaid." The plea then alleges, that the order of the board of commissioners was " founded on the petition of the defendant *White,* and fifteen other freeholders" in the vicinity of the road, praying for the establishment of the same; and that the petition was presented to the board of commissioners at their next previous

session of *May*, " legal notice of the intended application for the road having been previously given;" that the road " lay through the said *close* of the plaintiff," and being obstructed by the trees mentioned in the declaration, the defendant cut them down, &c. doing no unnecessary damage, &c. To this plea the plaintiff demurred generally, and the Court sustained the demurrer.

In answer to the second plea, the plaintiff alleged " that he brought this suit against said defendant not only for the trespasses in the said second plea mentioned, and thereby attempted to be justified; but also for that the said defendant on, &c., at, &c., out of the said pretended highway in said plea specified, and in the said plaintiff's said closes, cut down the said trees, &c. in said plaintiff's declaration specified, &c., which said trespasses above newly assigned are other and different trespasses from said trespasses in said second plea mentioned," &c. The defendant pleaded not guilty to the new assignment.

There was a jury trial; verdict and judgment for the plaintiff.

The Court instructed the jury, on the motion of the plaintiff, that if certain proceedings and records of the board of county commissioners, (which were embodied in the instruction and which had been given in evidence,) were all the testimony adduced by the defendant in support of his second plea, they were insufficient to sustain it. The record shows that the plaintiff had proved certain trespasses committed on his land by the defendant, where the latter claimed that there was a highway.

The first question presented for our consideration is, whether the third plea constitutes a valid justification ? The object of that plea is to show the existence of a legal highway by virtue of an order of the board of county commissioners of *Wayne* county; and that the defendant committed the acts complained of in removing obstructions from that road. We conceive the law to be, that when statutory powers are conferred upon a court of inferior jurisdiction, and a mode of executing those powers is prescribed, the course pointed out must be substantially pursued, or the acts and judgments of the Court are *coram non judice* and void.

They may be examined, of course, collaterally. 1 Chitt. Pl. 210, 211.—*Davison et al.* v. *Gill*, 1 East, 64.—*Welch* v. *Nash*, 8 East, 394. The statute relating to public roads authorizes the boards doing county . business to establish highways of " a necessary width not exceeding forty feet." R. S. 1838, p. 493. Desirable as it may be to sustain the proceedings of these Courts, we are not at liberty to ·sanction so wide a departure from their authority as this record discloses. The commissioners were not empowered to establish a road of undefined breadth, as they appear by the plea to have done. Unless the limits of the highway on both sides are defined, it is impossible for the proper officer to know how to open or repair it, or for the public to understand their rights. ' The commissioners had as much power to establish a highway more than forty feet wide, as they had to ordain one of no prescribed breadth. Their order establishing, the road in question was unauthorized, and is null and void. The plea, therefore, · constitutes no defence to this action.

This plea is also bad for another reason. It professes to answer the whole declaration, but, in fact, attempts to justify the trespasses alleged in only one of the two closes mentioned in the declaration. There was no error in sustaining the demurrer.

But the instruction given by the Court to the jury was wrong—not because the evidence mentioned in it was sufficient to prove the existence of the highway averred in the second plea, but because that highway was admitted by the new assignment, and no evidence whatever was required to sustain the fact. If the plaintiff designed, as the beginning of his new assignment seems to imply he did, to go for the . trespasses covered by the justification, as well as for others not reached by it, he should have traversed the way before he new assigned. The 'new assignment without the traverse was an abandonment of that part of the declaration against which the defendant had justified. It confined the issue to other and different trespasses than those embraced in the plea. 2 Stark. Ev. 1141.—1 Chitt. Pl. 663 to 667.—*Oakley* v. *Davis*, 16 East, 82.—1 Saund. 299 a, n. 6. The instruction was calculated to mislead the jury, and to induce them

to believe that the defendant was obliged to support his unanswered justification by proof.

The second plea would have been bad on demurrer for the same defect as that last pointed out in the third plea, but as the pleading stands the defendant is entitled to the benefit of it.

*Per Curiam.*—The judgment is reversed, and the proceedings under the second plea subsequent to the new assignment set aside, with costs. Cause remanded, &c.

*M. M. Ray* and *C. H. Test*, for the plaintiff.
*J. S. Newman*, for the defendant.