No. 16,194.

HUDSON *v.* VOREIS, TRUSTEE, ET AL.

HIGHWAY.—*Order Locating.—When Void.—Width an Essential Element.—Injunction.*—The petition for the location of a highway does not necessarily contain a description of the width of the proposed road, and it can not be presumed that it did contain it; and an order locating and establishing a highway giving no other specification of the width than by reference to the petition, viz: "It is ordered by the board that a road be established and opened as prayed for in the petition in this case," is not in compliance with the statute, and is void, and its enforcement may be enjoined.

From the Marshall Circuit Court.

*C. P. Drummond,* for appellant.

*J. D. McLaren* and *E. C. Martindale,* for appellees.

HACKNEY, J.—The appellant's action was to enjoin appellees from opening a highway through his lands, to his injury, as specifically alleged, and upon the authority alone of an order of the Board of Commissioners of Marshall county, in the following words: "It is ordered by the board that a road be established and opened as prayed for in the petition in this case." The complaint avers that said order is null and void, in that it did not define the width of the road proposed.

The court below sustained a demurrer to the com-

plaint, and the correctness of that ruling is the question here presented for decision.

The complaint is much like that in *Erwin* v. *Fulk, Auditor,* 94 Ind. 235, and most of the questions here discussed are there fully decided.

"The order for laying out of any highway shall specify the width thereof." R. S. 1881, section 5028.

The failure, by the board of commissioners or the circuit court, to comply with this statutory requirement renders its judgment void, and not merely irregular. *White* v. *Conover,* 5 Blackf. 462; *Barnard* v. *Haworth,* 9 Ind. 103; *Sidener* v. *Essex,* 22 Ind. 201; *Erwin* v. *Fulk, Auditor, supra; Strong, Trustee,* v. *Makeever,* 102 Ind. 578; *Davison* v. *Gill,* 1 East, 64.

A judgment is void if the thing essential to its validity is not apparent upon the face of the record, and it may be treated as a nullity by all persons, in collateral as well as direct attacks. *Earle* v. *Earle,* 91 Ind. 27; *Erwin* v. *Fulk, Auditor, supra; Chicago, etc., R. W. Co.* v. *Summers,* 113 Ind. 10.

The enforcement of a void judgment may be enjoined. *Earl* v. *Matheney,* 60 Ind. 202; *Brown* v. *Goble,* 97 Ind. 86; *Erwin* v. *Fulk, Auditor, supra; Chicago, etc., R. W. Co.* v. *Sutton,* 130 Ind. 405.

The petition for the location of a highway does not necessarily contain a description of the width of the proposed highway ( *Watson* v. *Crowsore,* 93 Ind. 220), and we can not presume that it did contain it. An order locating and establishing a highway, giving no other specification of the width than by reference to the petition, is not a compliance with the statute.

The object of the requirement is that the public may know the limits within which travel is permitted, and that a public record of such limits may be preserved and not made to depend upon the preservation of some such

document as the petition, report of viewers, or other paper easily lost or destroyed. Here there is, at most, an attempt to comply with the statute by reference to one of such papers, which paper is not required to state such width, nor does it appear that the width was stated therein.

If required to be stated in the petition, we could presume that the requirement had been complied with, but we can no more indulge such presumption than we can presume in favor of its stating that which is forbidden to be stated.

The case of *Adams* v. *Harrington,* 114 Ind. 66, and the authorities there cited, to the proposition that an appeal affords an adequate remedy at law, are not in conflict with the conclusion in this case or the cases we cite in support of our conclusion, that where the judgment is absolutely void; equity will grant relief against it.

In Vanfleet's Collateral Attack, p. 837, section 778, it is maintained that the cases in Indiana, as we give them, are unsound, upon the ground that the landowner's failure to call attention to the omission should estop him to make an attack upon the proceeding collaterally, and that he should be defeated by holding that the commissioners exercised their full power and established a highway of the maximum width.

The cases are too numerous and too firmly settled in the precedents of this court, and the practice in this State, to justify us in adopting the suggested departure. For over fifty years it has been held that the failure to observe this statutory direction rendered the establishing order void. If void, the authorities no less firmly hold that it may be attacked collaterally. We would find pleasure in holding that the appellant had a legal remedy, and that his resort to equitable relief should not

prevail, but it is our duty to follow the unbroken line of authority in this State.

The judgment of the circuit court is reversed, with instructions to overrule appellees' demurrer to appellant's petition.

Filed June 8, 1893.