## HELMS ET AL. *v*. BELL ET AL.

[No. 18,857. Filed November 27, 1900.]

COUNTIES.—*Commissioners' Court.—Collateral Attack.*—A judgment of a board of county commissioners establishing a highway is not subject to collateral attack unless it is void. *p. 504.*

SAME. — *Commissioners' Court. — Highways.* — The commissioners' court has power to establish highways, but the conditions and manner of its exercise being clearly defined by statute, and the court being one of special and limited jurisdiction, the statute must be strictly followed or the proceeding will be a nullity. *p. 504.*

SAME.—*Commissioners' Court.—Judgment.—Highways.*—A judgment of a board of county commissioners establishing a highway before the damages assessed were paid, as required by §6752 Burns 1894, is void, and the payment thirty days later did not render it valid. *pp. 506, 507.*

From the Hamilton Circuit Court. *Affirmed.*

*I. W. Christian, W. S. Christian, R. K. Kane, T. E. Kane, T. J. Kane, F. E. Gavin, T. P. Davis* and *J. L. Gavin,* for appellants.

*R. R. Stephenson, Geo. Shirts* and *W. R. Fertig,* for appellees.

Helms *v.* Bell.

HADLEY, J.—Appellant Helms and eleven others filed a petition before the board of commissioners of Hamilton county for the location of a highway over the lands of appellees. Viewers were appointed who reported in favor of the utility of the road; whereupon, appellees filed a remonstrance claiming damages, and also denying the public utility of the way. Reviewers were appointed who made their report finding the road to be of public utility, and assessing damages in favor of each of the appellees, which report of the reviewers was approved by the commissioners, who, thereupon caused a record of said road to be made, and entered an order that the same be opened and kept in repair; but the board found as a part the final order, that said highway was not of sufficient public importance or utility to justify the payment of the damages assessed out of the county treasury, and as a condition precedent to the opening of said road ordered that the petitioners pay the damages assessed. More than thirty days after the entry of the final order establishing said highway, the petitioners procured the payment into the county treasury, for the use of appellees, the remonstrators, the damages that had been assessed in their favor, and which they refused and still refuse to accept; whereupon appellant Sturdevant as auditor of the county, upon request of the petitioners, issued to appellant Morgan, as trustee of the township wherein the proposed road is situate, a warrant for the opening of said way, which trustee has delivered the warrant to Brandon as road supervisor of the district.

All the petitioners, the county auditor, township trustee, and road supervisor, are made defendants, and they are claiming and giving out in speeches that they have the right to and will open the way, and require the appellees to remove their fences, to their great and irreparable damage, etc.

These facts were held sufficient to entitle the plaintiffs, the remonstrators, to injunction, enjoining the defendants

from opening said highway, and, the defendants refusing to answer, judgment was rendered against them upon their demurrer. The single question is did the court err in overruling the demurrer to the complaint?

The proceeding is a collateral attack upon what purports to be a judgment of the board of commissioners, and, to be successful, it must appear that the judgment is absolutely void. *Adams* v. *Harrington,* 114 Ind. 66, 71; *City of Indianapolis* v. *Consumers, etc., Co.,* 140 Ind. 246, 253; *Davis* v. *Clements,* 148 Ind. 605, 607; *Gold* v. *Pittsburgh, etc., Co.,* 153 Ind. 232, 241; *Winslow* v. *Green, ante,* 368.

The enforcement of a void judgment may be enjoined, and "a judgment is void if the thing essential to its validity is not apparent upon the face of the record, and it may be treated as a nullity by all persons, in collateral, as well as direct attacks." *Hudson* v. *Voreis,* 134 Ind. 642; *Strong* v. *Makeever,* 102 Ind. 578, 581; *City of Terre Haute* v. *Evansville, etc., Co.,* 149 Ind. 174, 176.

It is firmly settled that the commissioners' court is one of special and limited jurisdiction; that it has no power but that conferred by statute, and this it must employ in the mode prescribed. *Doctor* v. *Hartman,* 74 Ind. 221.

It has power to establish highways, but the conditions and manner of its exercise are clearly defined by the statutes and must be substantially observed, or the proceeding becomes a nullity. Section 6755 Burns 1894 provides that in the order for laying out of a highway the commissioners shall specify the width, and a failure to do so renders the judgment void. *Hudson* v. *Voreis, supra; White* v. *Conover,* 5 Blackf. 462.

In a proceeding under §6762 Burns 1894, to have a road that has been used for twenty years ascertained, described, and entered of record, a judgment of the commissioners failing to adjudge the user for twenty years is void as being a departure from the command of the statute. *Strong* v. *Makeever, supra.*

A sale of county property by the commissioners under notice, as provided by §4248 R. S. 1881, which fails to state the terms of sale, is void for noncompliance with the statute. *Platter* v. *Board, etc.,* 103 Ind. 360, 376.

In the procedure for the location of a highway, when a petition properly signed and properly supported by notice is presented to the commissioners, the action they shall take upon the petition is clearly pointed out by the statute. They shall appoint viewers to inquire into and report to the court whether the proposed way will be of public utility. If the report of the viewers is in the negative, a judgment of denial must be entered, and that is the end of the proceeding; in such case there can be neither a review nor appeal to the circuit court. *McKee* v. *Gould,* 108 Ind. 107; *Bowman* v. *Jobs,* 123 Ind. 44.

And if the viewers shall report favorably to the public utility of the road, and there is no objection filed, the board shall make a record of the road and enter an order that the same be opened and kept in repair. But if objection is made for assessment of damages under §6746, and for in-utility under §6750, the record and order for opening the way shall be suspended until the question of damages has been determined, and that of utility reconsidered by re-viewers, and, if damages are awarded to objectors, the payment of the award presents to the commissioners the first and only discretionary subject that exists anywhere in the proceeding after assuming jurisdiction. *McKee* v. *Gould, supra,* 109.

Under §6748, in considering the payment of the damages assessed, if the board deems the proposed highway of sufficient importance to the public, they shall order the costs and damages paid out of the county treasury, and if of insufficient importance to the public they shall not order payment from the county treasury, and in which last instance they strip themselves of all power to make any provision for payment at all, and because of nonpayment they have no power to order the opening of the road.

Section 6752 is as follows: "No such highway shall be opened, worked or used, until the damages assessed therefor shall be paid to the persons entitled thereto, or deposited in the county treasury for their use." The facts alleged bring this case within the principle here involved. The reviewers had reported in favor of the public utility of the road, and that each of the appellees was damaged in an amount stated. And in passing upon the report the commissioners approved the same, and entered an order that the road be spread of record and opened and kept in repair, and at the same time and in the same order adjudged that the road was not of sufficient importance to the public to justify payment of said damages out of the county treasury, and, further, that the petitioners pay the same as a condition precedent to the opening of the road. The statute gives the commissioners no power to adjudge payment of the damages against the petitioners, or any one else. When they had adjudged that the damages could not be paid out of the county treasury their power to proceed with the establishing of the road was suspended until actual payment of such damages had been made from some other source. When not payable out of the treasury it is proper for the petitioners or other persons to pay them. *Hayes* v. *Board, etc.,* 59 Ind. 552; *Board, etc.,* v. *Small,* 61 Ind. 318.

And the effect of payment from any source upon the power of the commissioners to proceed in establishing the highway is stated in said §6748 thus: "And *when* payment of damages is made as herein provided, such highway shall be *recorded and ordered to be opened* and kept in repair as hereinbefore provided." That is to say, when the damages have been paid from some source to the use of the persons entitled thereto, and *not till then,* the commissioners have the right to proceed to record, that is, to enter final judgment, establishing the highway, and to order that the same be opened and kept in repair. Because the record shows that the commissioners in this instance entered final judg-

ment ordering the recording and opening of the highway, before the damages assessed were paid, in violation of the positive inhibition of the statute, their judgment was clearly void.

The payment of the damages into the county treasury for the use of the appellees thirty days later gave no force to the final order. It was a nullity, and could be neither revived nor strengthened, and the issuance by the auditor to the township trustee of a warrant for the opening of the road was without effect. The judgment being void, its execution may be stayed by injunction.

Judgment affirmed.