## SCHEPMAN ET AL. v. BUHNER ET AL.

[No. 4,668. Filed March 10, 1904.]

HIGHWAYS.—*Viewers.*—*Time of Meeting.*—*Notice of Auditor not Mandatory.*—Section 6743 Burns 1901 making it the duty of the county auditor, in a proceeding to establish a highway, to issue a precept to the sheriff commanding him to notify "such viewers of the time, place, and object of their meeting" is directory only as to the time of meeting, and the report of viewers regularly appointed was not void because the viewers did not meet until four days after the time fixed by the auditor in the notice, and the action of the board of commissioners in setting aside the report because of such variance, and the appointment of other viewers, was without authority, and void.

From Jackson Circuit Court; *T. B. Buskirk*, Judge.

Proceeding by H. William Schepman and others for the establishment of a highway to which J. Henry Buhner and others appeared and moved that the report of the reviewers be set aside. From a judgment setting aside the report, the petitioners appeal. *Affirmed.*

*O. H. Montgomery*, for appellants.
*J. F. Applewhite*, for appellees.

WILEY, P. J.—Appellants filed their petition before the board of commissioners of Jackson county for the location of a public highway, and gave notice of the pendency thereof according to the provisions of the statute. At the next ensuing session of the board the petition was regularly presented, and the board, after having determined that due notice was given, appointed viewers to view the proposed highway and report at the next session of the board. In pursuance of §6743 Burns 1901 the auditor issued a precept to the sheriff, commanding him to notify such viewers of the time, place, and object of their meeting, which was duly served. By the precept the viewers were directed to meet on the 18th day of April, 1901. At the next ensuing session of the board the viewers filed

their report to the effect that the proposed highway would not be of public utility. Upon the filing of such report the petitioners appeared by counsel, and upon their unverified motion the board set aside the report as being void, for the reason that the viewers did not meet until the 22d day of April, 1901, when the precept served upon them directed them to meet upon the 18th day of April. Thereupon the board appointed other viewers, who reported favorably, and such subsequent proceedings were had as that the road was ordered established, etc. After the second set of viewers had filed their report, appellees entered their special appearance, and moved that the appointment of the last viewers be set aside, and their report rejected, and that the board approve the report of the first set of viewers. This motion was based upon the proposition that the board of commissioners were without authority to appoint the second viewers after the first viewers had reported against the utility of the proposed highway, and that it was the duty of the board to approve the report of the first viewers and dismiss the petition. After final judgment was entered by the board of commissioners establishing the highway, appellees appealed to the court below, where they moved that the cause be dismissed, on the ground that all subsequent proceedings after the report of the first viewers were void for want of jurisdiction. This motion the court sustained, and such ruling is the only error assigned.

The single question for decision is this: Was the action of the first viewers void because they did not meet and qualify on the day named in the precept? If it was, then the action of the board in setting aside their report was justified, for then it would be as if no report had been made.

It is well to look to the statute relating to the proceedings in locating public highways. Section 6742 Burns 1901 provides for the filing of a petition and the giving

of notice, and makes it the duty of the board of commissioners, upon proof of notice, to "appoint three persons to view such highway." Section 6743 Burns 1901 makes it the duty of the auditor to issue a precept to the sheriff commanding him to notify "such viewers of the time, place and object of their meeting, such viewers, at such time, after having taken an oath * * * shall proceed to view the highway to be located," etc. Section 6744 Burns 1901 provides that such viewers, or a majority of them, "shall make a report of their proceedings at the ensuing session of the board," etc. Section 6753 Burns 1901 provides that if the viewers report that the proposed highway would not be of public utility, then no second or subsequent petition shall be acted upon by the commissioners, unless the petitioners shall first file a bond with approved surety conditioned for the payment of costs should the viewers report that they deem the proposed highway to be of no public utility.

If that part of §6743, *supra,* to which we have referred, is mandatory, then there is some basis for appellants' contention that the action of the viewers was void because they did not meet and qualify on the day named in the precept. The objection made to the report of the viewers, as indicated by appellants' motion, is that they did not meet on the day and place fixed by the board. The viewers were appointed by the board upon the authority of §6742, *supra,* and that statute gives it no authority to name the day and place of their meeting. The board has exhausted its authority when it has appointed the viewers. It has been ruled that the commissioners' court is one of special and limited jurisdiction, and that it has no power but that conferred upon it by statute, and that it must employ such power in the mode prescribed. *Helms* v. *Bell,* 155 Ind. 502. It has power to establish highways, but the conditions and manner of its exercise are clearly defined by statute and must be substantially ob-

served, or the proceeding becomes a nullity. *Helms* v.
*Bell, supra.* As the board of commissioners had no power
to fix a day and place for the meeting of the viewers,
that part of its order was a nullity. Under §6743, *supra,*
it seems to be the duty of the auditor to fix a time and
place for, and acquaint them with the object of, their
meeting. In the discharge of their duties as viewers the
petitioners, and no one else, have any concern. While
there is nothing in the statute preventing the petitioners
from being present while they are making their view,
it is not contemplated that they should be present. They
certainly have no right to attempt to influence their action
in any manner, for they are appointed as disinterested
parties, and assume an obligation to discharge their duties
honestly and faithfully. The statute directing the auditor
to issue his precept notifying them of the time, place,
and object of their meeting must be regarded as directory,
and not mandatory. If they do meet, take an oath, dis-
charge their duties, and report within the time prescribed
by statute, they have discharged the full measure of their
duties within the meaning of the statute.

Appellants, in their motion to set aside the report,
wholly fail to make any showing that their rights were
prejudiced by the failure to meet on the 18th of April.
The report shows that they did qualify as viewers, and
fully discharged their duties. It is not even contended
that the report would have been different if they had
met on the 18th instead of the 22d. It must be pre-
sumed that they exercised their best judgment, and acted
honestly.

The viewers having reported that the proposed highway
would not be of public utility, the jurisdiction of the
commissioners' court to proceed farther was at an end,
with two exceptions: (1) To dismiss the petition, and
render final judgment on the adverse report; (2) the
petitioners might have filed a bond for costs, and pre-

sented a new petition, and thereupon other viewers might have been appointed. §6753, *supra; McKee* v. *Gould,* 108 Ind. 107; *Jones* v. *Duffy,* 119 Ind. 440. It thus appears that appellants had a complete remedy of which they failed to avail themselves. Upon the filing of a report of viewers declaring that a proposed highway would not be of public utility, it is the duty of the commissioners' court to pronounce judgment upon it, and dismiss the petition, unless the petitioners avail themselves of their rights under §6753, *supra.* Such report stands in the same relation to such board as the verdict of a jury to the court, and it is the duty of the board to pronounce judgment upon it, except in cases where the statute provides differently. There are two instances in which authority is given the board of commissioners to set aside the report of viewers and appoint reviewers, and these are especially provided for by §§6746, 6750 Burns 1901. Where the report of the viewers is adverse to the petitioners, the board of commissioners has no right to set aside the report and appoint other viewers. This question is settled by the case of *Doctor* v. *Hartman,* 74 Ind. 221.

Counsel for appellants rely upon the case of *Hobbs* v. *Board, etc.,* 103 Ind. 575, to support their contention that the report of the viewers was void because they did not meet at the time designated. That case arose under the act of March 3, 1877 (Acts 1877, p. 82), providing for the construction of free gravel roads, and the provisions of the statute are very different from those relating to the location of public highways. By §1 of the act, power was conferred upon the board of commissioners to construct free gravel roads, and authorized the viewers appointed by the board to assess damages to landowners, etc. By §2 it was made the duty of the board, upon the presentation of a petition and filing of a bond, to appoint three disinterested freeholders as viewers and a compe-

tent surveyor or engineer to proceed "upon a day named by the commissioners to examine, view, lay out, or straighten said road, as in their opinion public convenience and utility require." The same section also provides that the auditor shall notify such viewers and surveyor of the time and place of their meeting, and also give notice, which said notice shall state the time and place of said meeting, the kind of improvements asked for, the place of beginning, intermediate points, if any, and the place of termination." Section 3 prescribes the duties of the viewers and the manner of the assessment of damages in favor of parties affected by the improvement.

The necessity of the meeting of the viewers at the time and place fixed under the provisions of the statute is made clear by what the court said in the case cited. The following language is used: "Of the time appointed for the meeting the statute imperatively requires that notice shall be given, and notice is always a fundamental requisite to the validity of such proceedings as those described in the complaint." The statute also provides that "it shall be the duty of such viewers and surveyor or engineer to meet at the time and place specified by said commissioners." §5093 R. S. 1881. See §§6855-6857 Burns 1901. Continuing, the court say: "We regard the publication of notice as essential to the validity of the proceedings, for unquestionably it is a jurisdictional matter. If the notice is essential, then a proceeding that frustrates its purpose and renders it fruitless can not be valid. The purpose of a notice is to afford a party his day in court, and to give him a hearing upon the matter upon which an action of a judicial character is to be taken. If the viewers and the surveyor do not meet at the time designated, the notice subserves no useful purpose; quite as well have no notice at all as to permit the viewers to disregard it and hold their meetings at

a time different from that designated in the notice. The landowners were not bound to appear at a time fixed by the viewers, and of which they had no notice. The viewers could have no jurisdiction except such as the order of the commissioners conferred, and if they did not meet at the time designated in the order appointing them, and in the notice given pursuant to that order, they could exercise no jurisdiction at all." The holding in that case that it was necessary for the viewers to meet at the time and place designated by the commissioners and the notice rests upon the proposition that notice of the time and place is indispensably necessary to their jurisdiction.

In a proceeding under that statute a landholder affected by the improvement had a right to appear before the viewers and present his grievances, for the statute provides that such viewers shall not be required to assess damages in consequence of the appropriation of any private property, etc., unless the owner or owners "shall have filed written application with said viewers giving a description of the premises," etc. The notice provided for in §6856, *supra,* being §2 of the act of March 3, 1877, is the notice that confers jurisdiction, and that is what the court had reference to when it said, in the case cited, that "the purpose of a notice is to afford a party his day in court, and to give him a hearing upon the matter upon which an action of a judicial character is to be taken." Not so here, for jurisdiction of all parties affected was acquired by the notice of the pendency of the petition and when it would be presented for hearing and action.

In proceedings to establish a highway all parties affected have their day in court under the original notice, and those who claim damages on account of the location of a highway can not be heard by remonstrance until after the original viewers have filed their report, and then such report must be favorable. As above suggested, they have nothing to do with the viewers, and their rights can

not possibly be prejudiced if the viewers do not meet and qualify at the time named in the precept. The proceedings under the highway statute and the free gravel road statute are so different that they are easily distinguished.

These considerations lead to the conclusion that the commissioners' court was without jurisdiction to set aside the report of the original viewers, it being against the public utility of the proposed highway, and to appoint other viewers. This being true, all subsequent proceedings were void.

Judgment affirmed.