## EADS v. KUMLEY ET AL.

[No. 9,500. Filed April 9, 1918.]

1. APPEAL.—*Assignments of Error.—Reversible Error.—Highways.
—Obstruction.—Collateral Attack.*—Assuming that a complaint
to enjoin the obstruction of a highway shows on its face that it is
a collateral attack on a judgment of the board of commissioners,
such fact is not controlling in determining whether reversible
error is presented by assignments that the trial court had no
jurisdiction of the subject-matter or of the person of the defend-
ant, and that the complaint did not state facts sufficient to con-
stitute a cause of action. p. 363.

2. APPEAL.—*Presenting Questions.—Waiver.*—An assignment of
error that the complaint does not state sufficient facts to consti-
tute a cause of action presents no question for review, in view
of Acts 1911 p. 415, §348 Burns 1914. p. 363.

3. HIGHWAYS.—*Obstruction.—Injunction.—Jurisdiction.—Collateral
Attack.*—The circuit court, being a court of general jurisdiction,
had jurisdiction of the subject-matter of an action to enjoin the
obstruction of a highway; hence, an assignment that the court
had no jurisdiction of such action, because it was a collateral
attack on a judgment of the board of commissioners, is of no
avail, since the court, having jurisdiction of the subject-matter,
could properly assume jurisdiction, if for no other reason, to
determine whether the action was in fact a collateral attack on
such judgment. p. 363.

4. HIGHWAYS.—*Establishment.—Power of Board.*—The board of
commissioners, in the establishment of highways, has only such
powers as are conferred by statute, and these powers must be
employed substantially in the manner prescribed to render the
proceedings valid. p. 367.

5. HIGHWAYS.—*Vacation.—Judgment.—Collateral Attack. — Com-
plaint.*—A complaint, in a suit to enjoin the obstruction of a
highway, which, in addition to a general allegation that the
defendant acted on a void order of the board of commissioners
in obstructing such highway, set forth the petition filed with
such board, which petition was signed by only one petitioner
instead of twelve as required by §7649 Burns 1914, Acts 1905
p. 521, sufficiently showed that the judgment of the board was
void and, therefore, subject to collateral attack. p. 368.

6. HIGHWAYS.—*Enjoining Obstruction.—Complaint.—Sufficiency.—
Harmless Error.*—In a suit to enjoin the obstruction of a high-

way brought by parties owning land abutting on such highway, a complaint failing to allege that any part thereof along the plaintiffs' lands was obstructed or that access to such lands was substantially interfered with, but alleged only such damages as those suffered by the public generally, was insufficient; and the overruling of a demurrer to such complaint will not be treated as harmless where the evidence showed damages different only in degree from those sustained by the public generally.  pp. 368, 369.

7.  NUISANCE.—*Public  Nuisance.—Injunction.—Complaint. — Sufficiency.*—In order for an individual to successfully maintain a suit to enjoin the creation or maintenance of a public nuisance, he must show that he sustains a particular or peculiar injury different in kind from that sustained by the public generally. p. 368.

8.  HIGHWAYS.—*Obstruction.—Injunction.—Joinder  of  Parties.*— Parties owning separate tracts of realty could not properly be joined in an action to restrain the obstruction of a highway solely on the ground that both tracts abutted on the highway. p. 370.

From Wabash Circuit Court; *Nelson G. Hunter,* Special Judge.

Suit by Jacob Kumley and others against John W. Eads.  From a judgment for the plaintiffs, the defendant appeals.  *Reversed.*

*Alvah Taylor* and *Fletcher A. Payne,* for appellant. *Plummer, Todd & Plummer,* for appellees.

HOTTEL, J.—This is an appeal from a judgment by which appellant was perpetually enjoined from obstructing a certain highway in Wabash county, and was ordered to remove certain obstructions therein. There was also a judgment in favor of appellees and against appellant for five dollars damages and costs of the action.

The errors assigned by appellant and relied on for reversal are as follows:  (1) The trial court had no jurisdiction of the subject-matter or of the person of

appellant; (2) the appellees' complaint does not state facts sufficient to constitute a cause of action; (3) the court erred in overruling appellant's demurrer to appellees' complaint; (4) the court erred in overruling appellant's motion to make the complaint more specific; (5, 6) the court erred in sustaining appellees' demurrer to appellant's second and third paragraphs of answer respectively; (7) the court erred in overruling appellant's motion for a new trial.

Appellant, in his points and authorities, groups under one head the first three assigned errors, *supra,* and in support of his contention that each assignment presents reversible error insists in effect that the complaint shows upon its face that the action is a collateral attack upon the judgment of the board of commissioners. Assuming that this is true, such fact is not of controlling influence in the determination of the question whether reversible error is presented by either the first or second assignments, *supra.*

1. The second assigned error presents no question for review. §348 Burns 1914, Acts 1911 p. 415; *Hedekin Land, etc., Co.* v. *Campbell* (1915), 184 Ind. 643, 112 N. E. 97.

2. No ground or reason is pointed out or suggested by appellant in his briefs in support of that part of his first assigned error which challenges the jurisdiction of the trial court over his person; and, as to that element of said assignment which challenges the jurisdiction of the trial court over the subject-matter of the action, it is sufficient to say that such court is a court of general jurisdiction, and hence has jurisdiction of an action to enjoin the obstruction of a public

highway. Assuming, therefore, without so deciding that this action is a collateral attack upon the judgment of the board of commissioners of Wabash county, the trial court nevertheless had jurisdiction of the subject-matter of the action, and appellant's contention necessarily presupposes that the assumption of such jurisdiction was proper and necessary, at least for the purpose, if for no other, of determining whether the action was in fact a collateral attack upon the judgment of said board of commissioners. This brings us to a consideration of the third assigned error.

Appellees' complaint alleges substantially the following facts: Appellees are "each severally" the owners of tracts of land abutting on a certain highway running diagonally through section 26, township 28 north, range 7 east, in Wabash county, which is now and has been for more than thirty-five years last past an open public highway, and used generally by the public. A part of said highway runs through appellant's real estate. On October 6, 1914, appellant filed a petition with the board of commissioners of Wabash county, in which he asked for a change in the location of that part of the highway therein described as being upon his land. Said petition is set out in full in the complaint, and contains a description of appellant's land over which that part of said highway sought to be changed passes and a description of such part of said highway as located at the time and as it would be located by the proposed change, etc. The complaint then sets out in detail the proceedings had before said board in the matter of said petition, showing the appointment and report of viewers, and the approval thereof by said board, from

which it appears that said viewers reported favorably to the change of said highway as asked in said petition, and recommended that the proposed highway be established before the vacation of the existing highway, all as contemplated by §7665 *et seq.* Burns 1914, Acts 1905 p. 521, §17. It is then averred that on March 2, 1915, appellant filed a second petition with said board, and that in it he asked for a vacation of all that part of said highway which passed through his land. This petition is also set out in the complaint and appears to be signed by appellant alone.

The complaint then alleges facts substantially as follows: Appellant at the time of his filing said petition made proof of the posting of notices of such filing, and said board thereupon appointed three viewers. On April 6, 1915, such viewers filed their report and thereupon said board entered an order vacating said highway. The highway described in each petition is the same and is described as running diagonally through appellant's land, said land being described in each of said petitions. In said first petition appellant sought on his own petition to have the course of said highway changed or relocated on his said land, but did not seek or demand that it be vacated. In his said second petition appellant sought to have vacated part of said highway additional to that part sought to be changed in the first petition. Appellant was the only landowner who signed said second petition. The change ordered on said first petition has never been made, and no improvement has been made of the changed portion of said highway, and nothing done to establish it so that the public can travel thereon. Acting upon said last-mentioned order of the board, appellant has closed

the road running through his land and described in said second petition, and the public is prevented from using said highway. As now obstructed, such highway ends at the west line of appellant's land; and if said appellant is permitted to maintain an obstruction in said highway and keep the same closed, the public and appellees will not be able to travel as *it* has traveled across said section for the past thirty-five years. Appellant threatens to, and, unless enjoined, he will, plow up and destroy such old road on his land. The order of said board on said second petition is wholly illegal and void, for the reason that said petition was not signed by twelve freeholders, six of whom reside in the immediate vicinity of the road sought to be vacated thereby, and said board never acquired any jurisdiction whatever over the subject-matter of such petition and acted without authority. Appellant's acts in closing said road have damaged appellees "by reason of their being unable to travel such road" in the sum of $500.

As before indicated, appellant contends that the complaint is a collateral attack upon a judgment of the board of commissioners. Its averments show no attack on the judgment of the board on the first petition, but, on the contrary, the complaint proceeds upon the theory that such judgment was valid, that it was never complied with by appellant, and hence that it does not authorize said obstruction of the highway. Appellant, however, bases his contention apparently upon the validity of the second order of the board. He insists that the assumption of jurisdiction and the order made by the board shows that it adjudged the second petition to be sufficient and regular, and that,

as appellees did not appeal directly from such order, they cannot now attack it collaterally.

The complaint avers, and such second petition therein set out shows, that the board's order vacating the highway alleged to be obstructed was made upon a petition for the *vacation* of a highway which was signed by appellant only. The act providing for the vacation of highways that are wholly within the county (§7649 Burns 1914, Acts 1905 p. 521) provides: "That whenever twelve freeholders of the county, six of whom shall reside in the immediate neighborhood of the highway proposed to be  *  *  * vacated  *  *  * shall petition the board of commissioners of such county for the  *  *  * vacation  *  *  * thereof, such board if satisfied that said petition has been filed with the county auditor  *  *  * shall appoint three disinterested freeholders  *  *  * to view said highway."

The board of commissioners has only such powers as are conferred upon it by statute, and these powers it must employ in the mode prescribed. *Doctor v. Hartman* (1881), 74 Ind. 221; *Helms* v. *Bell* (1900), 155 Ind. 502, 504, 58 N. E. 707. The board has power to establish highways, but the conditions and manner of its exercise are clearly defined by the statutes, and must be substantially observed, or the proceeding becomes a nullity. *Hudson* v. *Voreis* (1893), 134 Ind. 642, 34 N. E. 503; *Strong* v. *Makeever* (1885), 102 Ind. 578, 581, 1 N. E. 502, 4 N. E. 11; *Helms* v. *Bell, supra.*

The board has power to appoint viewers and further to proceed in the matter of vacating such highway only as provided in said §7649 *et seq.,* viz., "whenever twelve freeholders, six of whom shall re-

side in the immediate neighborhood of the highway proposed to be vacated shall petition the board'' for the vacation thereof.

It is also provided that ''such board if satisfied that *said* petition has been filed * * * shall appoint'' viewers, etc. The act, then, of the board in appointing viewers, and in making the order upon their report, is conclusive, as against collateral attack, as to the sufficiency of the petition, unless it appears by the record that such petition is not sufficient. *Waugh* v. *Board, etc.* (1916), 64 Ind. App. 123, 115 N. E. 356, and cases cited; *Pittsburgh, etc., R. Co.* v. *Gregg* (1913), 181 Ind. 42, 102 N. E. 961, and cases cited.

But here the complaint not only contains the general averment by way of conclusion that appellant, acting upon a void order of said board, obstructed a public highway, but it sets out the petition filed with said board,. and it shows that it was signed by appellant only, and was not the petition of twelve freeholders of the county. It is therefore apparent from the complaint that the petition filed was not such as the statute requires, and hence it did not give the board power to act in the vacation of said highway. In such case, the board's judgment was void, and may be successfully attacked collaterally.

Appellant also challenges the sufficiency of the complaint on the ground that it does not show that appellees sustained damages from such obstruction different in kind from those sustained by the public generally. This principle contended for · by appellant is well established, viz., that the individual cannot enjoin the creation or maintenance of a public nuisance, or recover dam-

ages therefor, unless he shows that he sustains thereby some particular or peculiar injury different from that sustained by the public generally, and not common to it. That the individual's injury is greater than that of the public is not enough; it must differ in kind and not merely in degree. *Tate* v. *Ohio, etc., R. Co.* (1856), 7 Ind. 479; *McCowan* v. *Whitesides* (1869), 31 Ind. 235; *Indiana, etc., R. Co.* v. *Eberle* (1887), 110 Ind. 542, 11 N. E. 467, 59 Am. Rep. 225; *Decker* v. *Evansville, etc., R. Co.* (1893), 133 Ind. 493, 33 N. E. 349; *Dantzer* v. *Indianapolis Union R. Co.* (1894), 141 Ind. 604, 39 N. E. 223, 34 L. R. A. 769, 50 Am. St. 343; *Pittsburgh, etc., R. Co.* v. *Noftsger* (1897), 148 Ind. 101, 47 N. E. 332; *Lowe* v. *City of Lawrenceburg* (1912), 177 Ind. 629, 630, 631, 98 N. E. 637, and cases cited; *Spurrier* v. *Vater* (1916), 62 Ind. App. 669, 673, 113 N. E. 732.

The only averments of the complaint on this question of damages allege that appellees owned tracts of land abutting on the highway in question; that appellant has closed the road running through *his land;* that the public is prevented from using such highway; that if appellant be permitted to maintain the obstruction of the highway *the public and appellees* will not be able to travel across said section as *it* has done for the past thirty-five or forty years; and that the acts of appellant have damaged appellees *by reason of their being unable to travel such road,* in the sum of $500.

It is apparent that the only damages alleged to have been sustained by appellees are the same in kind as those sustained by the public, viz., those resulting from their being unable to travel upon such road. While it is alleged that appellees

owned lands abutting on this highway, it is not alleged that any part of the highway upon which their lands abut was obstructed, but, on the contrary, it appears from the complaint that the part obstructed was wholly within the appellant's land.   Nor does it appear from the complaint that the access to appellees' lands was substantially interfered with.   The fact that apellees' lands abutted on the highway is not enough, of itself, to show special damages to appellees, but the obstruction must be upon a part of the highway, the fee in which is owned by the abutting owner, or the obstruction must interfere substantially with access to the abutting land.   *Tate* v. *Ohio, etc., R. Co., supra; Indiana, etc., R. Co.* v. *Eberle, supra; Decker* v. *Evansville, etc., R. Co., supra,* 496, 497; *Dantżer* v. *Indianapolis Union R. Co., supra; Pittsburgh, etc., R. Co.* v. *Noftsger, supra,* 108.

We might add in this connection that we have examined the evidence, and that it also fails to show that appellees sustained any damage different in kind from that sustained by the general public.   It thus appears that the case was tried and determined upon the theory that if appellees showed that they sustained damages, from the obstruction of said highway, different in degree only from those sustained by the public generally, they might recover.   It follows that this court cannot say that it can treat the ruling on said demurrer as harmless, or treat the complaint as amended to correspond with the evidence.

There is another infirmity in the complaint not raised by the memorandum filed with the demurrer or referred to in the briefs, but inasmuch as

8.  the judgment below must be reversed because of other defects in the complaint, we deem it

proper to call attention also to such other infirmity. The complaint apparently proceeds upon the theory of a joint action by both appellees, and the judgment is a joint judgment in their favor for five dollars damages. There is nothing, however, in the averments to the complaint or in the evidence which shows such joint right of action. Nothing appears in the complaint or in the evidence which shows that they jointly owned any real estate abutting on said highway, but, on the contrary, the complaint avers, and the proof shows, that they owned separate tracts of land abutting on such highway, and that their rights of action, and damages, if any, resulting from the obstruction of said highway were separate and independent. .

For the reasons indicated, the judgment below is reversed with leave to appellees to amend their complaint if they so desire, and for such other proceedings as may be consistent with this opinion.

NOTE.—Reported in 119 N. E. 219. Nuisance: right of a private individual to abatement of nuisance consisting of obstruction in highway preventing or interfering with access to his property, 11 Ann. Cas. 287. See under (1) 3 C. J. 1366; (5) 37, Cyc 189; (7, 9) 37 Cyc 255.