## The People, on the relation of George H. and Caroline French v. The Township Board of Springwells.

*Laying out highway: whole road applied for, or none of it, should be laid out.* — Where application is made to the highway commissioners to lay out a highway, under the statute of 1861, the commissioners must lay out the whole road applied for, or no part of it.

*Laying out highway: who may complain of erroneous action.* — Where a road is regularly applied for, and the commissioners decide to lay out a part of it only, any person through whose lands the road runs as laid, is entitled to take proceedings to test the validity of their action.

*Costs against body acting judicially.* — Application in due form having been made to highway commissioners for laying out a road, and they having made an order laying out a part of it only, and the township board on appeal having confirmed their action, the Supreme Court, on quashing these orders on certiorari, refused to award costs, as the township board was acting judicially on an application giving the commissioners jurisdiction.

*Heard May 12th. Decided July 15th.*

Certiorari to the township board of Springwells.

Certain freeholders of Springwells made an application in due form of law for the laying out of a highway in said township, extending from a certain point north of the Detroit & Toledo Railroad southerly across said road and Fort street to the River Rouge. The commissioners of highways, after due notice, met to consider the application,

and decided that the road as applied for was only neces-
sary as far as Fort street; and ordered it laid out and
established to that street and no further. The relators,
who were owners of a lot north of Fort street which
would be crossed by the contemplated road, appealed from
this order to the township board, by whom the action of
the commissioners was confirmed. The relators then sued
out a certiorari to remove the proceedings to this Court.

*H. M. Cheever* and *L. Bishop*, for plaintiffs in error, to
show that the order of the commissioners laying out a
part only of the road petitioned for was void, cited, 2
*Green*, 385; 1 *Zab.* 86; 4 *Zab.* 736; 1 *South.* 31; 3
*Dutch.* 423; 18 *Vt.* 493; 5 *R. I.* 325; 8 *Pick.* 347;
41 *N. H.* 228; 42 *N. H.* 348; 12 *Cush.* 351; 30 *Me.*
302; 3 *Green*, 91; 13 *Shep.* 406; 23 *Me.* 9; 37 *Me.*
558; 9 *Fost.* 88; 11 *Ired.* 9.

*E. Y. Swift* and *G. S. Swift*, contra, objected that the
relators were not so interested as to be entitled to raise
the question; as the road, whether laid as applied for, or
only to Fort street, would still cross their land. To the
main point they cited, 13 *Pick.* 195; 19 *Me.* 338; 17
*Pick.* 154; 7 *Gray*, 57; 10 *Pick.* 270; 31 *Me.* 444; 22
*Conn.* 226; 24 *Conn.* 199.

MANNING J.:

The complaint against the action of the highway com-
missioners is, that they laid out a part only of the high-
way asked for. They should have laid out the whole of
the road asked for or no part of it. We think the stat-
ute is clear on this point. It provides that, when any
seven or more freeholders of a township shall wish to
have a highway in any township, not included within the cor-
porate limits of a city or village, laid out, altered or discontin-
ued, they may, by writing under their hands, make application
to the commissioners of highways of the township for that

purpose, who shall proceed to lay out, alter or discontinue *such highway*, &c. *Laws* 1861, *p.* 256, § 1. They are to view the premises described in said application, and ascertain and determine the necessity of laying out, altering or discontinuing *such highway*. *Ibid.* § 3. Not such highway — the one described in the application — or any part thereof; or such highway as the commissioners may deem expedient, unless it be the one asked for in the application. It does not follow that the freeholders would have united in an application for the part laid out because they had asked for that and something more. However that may be, the commissioners had no application before them to do what they did.

The road laid out crosses the relators' land, and if they are not interested in what the commissioners did, it would be hard to say who are.

The commissioners erred in laying out a part only of the road applied for, and the township board erred in affirming their action. The proceedings of both are quashed, but without costs, as the board acted judicially on an application giving jurisdiction to the commissioners.

MARTIN CH. J. and CAMPBELL J. concurred.

CHRISTIANCY J. did not sit in this case.