No. 8128.

EARLY ET AL. *v.* HAMILTON ET AL.

HIGHWAY.—*Pleading.*—*Remonstrance.* — A remonstrance or objections filed to the vacation of a highway, which fails to show that any of the remonstrants were freeholders of the county, or that they resided along the highway proposed to be vacated, was properly struck out on motion.

PRACTICE.—*General Finding.*—*Facts Proved.*—A general finding for the plaintiff is a finding that every fact necessary to a recovery by him is proved.

SAME.—*New Trial.*—*Record.*—*Supreme Court.*—No question is presented to the Supreme Court by the ruling on the motion for a new trial, where neither the evidence nor the instructions, nor any decision made by the court during the trial, are in the record.

From the Wabash Circuit Court.

*M. H. Kidd, C. Cowgill, A. B. Shiveley* and *C. E. Cowgill,* for appellants.

*A. Taylor,* for appellees.

NEWCOMB, C.—The appellees, sixteen in number, petitioned the board of commissioners, at its December term, 1877, to vacate a part of a public highway, running exclusively through the lands of the petitioner, Samuel Hamilton, on the ground that said portion of said highway was no longer of public utility. Viewers were appointed, who reported in favor of granting the prayer of the petition, and that the part of the highway proposed to be vacated was not of public utility.

At this point the appellants, fifty-one in number, appeared and filed a paper, which they termed an answer and remonstrance. In this they set up a prior adjudication, at the September term, 1877, of said board, in which reviewers had reported adversely to an identically similar petition, by a part of the same petitioners, and that said highway was of public utility. It was further averred that said adjudication was in full force and unreversed; and there was also an allegation that the vacation prayed for in the last petition

Early *et al.* *v.* Hamilton *et al.*

would not be of public utility. The board thereupon refused to appoint reviewers, and dismissed the petition on the ground that the same matter had been determined adversely to the prayer of the petition, at the preceding September term. The petitioners appealed to the circuit court, where, on their motion, the answer and remonstrance filed before the commissioners was struck out, to which the appellees excepted, and incorporated said answer in a bill of exceptions. After the answer was so disposed of, there was a jury trial, resulting in the following verdict:

"We, the jury, find for the plaintiffs, and that the vacation of said road in controversy would be of public utility.

"BENJ. McCLURE, Foreman."

Motions for a *venire.de novo*, for a new trial, and in arrest of judgment were severally overruled, and judgment was entered in accordance with the verdict. The errors assigned are:

1. That the court erred in sustaining the motion to strike out the answer and remonstrance of the appellants;

2. That the court erred in overruling the motion of appellants for a *venire de novo;*

3. In overruling the motion for a new trial.

The record does not disclose the ground on which the court struck out the pleading called an answer and remonstrance; but a valid reason for the action of the court is found in the fact that it was not stated in said pleading that the parties who filed it were freeholders, or even residents of Wabash county. Section 23 of the highway act, 1 R. S. 1876; p. 533, provides that, "If any one or more freeholders residing in such county, along such proposed highway, vacation or change, shall object to the same at any time before final action thereon, as not being of public utility, other viewers may be appointed," etc.

The answer failed to allege that any of the remonstrants were freeholders of the county, or that they resided along said highway; therefore, it did not appear that they were entitled to object, and their answer was properly struck out.

---

On the second assignment of error, the appellants argue that the verdict is imperfect and insufficient, because it did not find specially that all the steps required by the statute, antecedent to a hearing, such as the publication of notice, etc., had been taken. There is nothing in this objection. A general finding for the plaintiff is a finding that every fact necessary to a recovery by him has been proved.

No question is presented by the ruling on the motion for a new trial, as neither the evidence, nor the instructions, nor any decision made by the court during the trial is in the record.

No exception was taken to the overruling of the motion in arrest of judgment, nor is it assigned for error. Neither is there any assignment of error calling in question the sufficiency of the petition.

We find no error in the proceedings of the circuit court, and its judgment should be affirmed.

PER. CURIAM.—It is therefore ordered, on the foregoing opinion, that the judgment below be and it is hereby affirmed, at the costs of the appellants.