Watson *et al. v.* Crowsore *et al.*

No. 11,280.

WATSON ET AL. *v.* CROWSORE ET AL.

WITNESS.—*Examination of.*—*Practice.*—No error is committed in permitting a proper question to be propounded, though the answer is irresponsive and improper.

SAME.—If a proper question will probably elicit an improper statement, the opposite party should elicit such fact from the witness before the answer is given and then object, or move to strike out the answer when given.

EVIDENCE.—*Admissions.*—An admission made during a negotiation for a compromise, if not made for such purpose, may be proved.

HIGHWAY.—*Location of.*—*Benefits and Damages.*—*Evidence and Jury.*—In a proceeding to establish a highway, the jury is not bound by nor limited to the estimates of witnesses as to the quantity of fence required, its cost, the amount of land and its value, but they determine the damages from all the evidence. The benefits are likewise considered.

SAME.—*Sufficiency of Petition.*—*Defects After Verdict.*—An averment in the petition, that the petitioners are citizens of the county, is sufficient after verdict.

SAME.— *Width of Road.*—The petition in such case need not state the width of the proposed road.

From the Howard Circuit Court.

*C. N. Pollard,* for appellants.

*J. C. Blacklidge* and *W. E. Blacklidge,* for appellees.

BEST, C.—The appellees filed their petition before the commissioners of Howard county for the location of a highway. After viewers had reported favorably, the appellants remonstrated upon the ground that the same would not be of public utility, and that each of them would sustain damages by its location. Reviewers were then appointed, who reported unfavorably; the petition was denied; an appeal taken to the circuit court; a trial had and a verdict returned that the highway would be of public utility, and that the appellants would sustain damages as follows: John Guile, $50; Mary Crilly, $60; John and Mary Hesler, $70, and Isaac Watson, $95. Motions for a new trial and in arrest of judgment were overruled, and these rulings are assigned as error.

The motion for a new trial embraces but two questions. The first is whether the court erred in the admission of testimony upon the examination of Francis M. Crowsore, one of the appellees. They propounded to him this question: " State whether you had a conversation with Mr. Watson in regard to this road? " Mr. Watson was one of the appellants, and the question seems to us to have been entirely proper. If the answer was not responsive to the question, or the admission sought was a statement made in order to effect a compromise, as is assumed, this did not appear from the form of the question itself, and therefore the court did not err in permitting it to be answered. If the appellants were apprehensive that such inquiry would only elicit such statement they should have ascertained the fact from the witness before his answer was given and then made their objection, based upon the facts thus elicited, or moved to strike out the answer. The question itself was not objectionable. Nor was the answer. The witness, after saying that he had gone to Watson and offered to compromise, said, " I asked him this, ' If the road was already made and your fence set in, would you like to have it removed?' He said, ' No, I expect I would not.'" This answer was obviously not made to effect a compromise, and the fact that it was made in response to a question propounded during such conversation does not necessarily render it inadmissible in evidence. 1 Greenl. Ev., section 192.

This testimony was not, therefore, inadmissible upon this ground.

The next question is whether or not the amount of damages assessed to each of the appellants was not too small.

They testified to the amount of new fence each would be required to build, its cost, the quantity of land taken from each and its value, and they insist that these estimates were not disputed, and since the assessment in favor of each is less than it would have been had these estimates been adopted, the damages assessed are too small. This may all be con-

·ceded, and yet it does not follow that the assessments were too small. The jury was not bound by or limited to these estimates in making the assessments. These depended upon the circumstances as disclosed by the entire evidence bearing upon that question. The value of the land and the cost of the fence were elements of damage, but the opinion of witnesses did not necessarily fix the amount of either. These were evidence of such facts, but the jury was not bound by them, and hence they did not necessarily establish such facts. *Town of Princeton* v. *Gieske, ante,* p. 102. Nor did these facts, if established, determine the amount of damages. These ·depended upon other circumstances. The benefits conferred were also to be considered. *Hagaman* v. *Moore,* 84 Ind. ·496. And as these, if any, may equal the difference between the damages assessed and the estimates made, we can not say that the damages assessed are too small, simply because they ·are less than such estimates warranted. We can not, therefore, say that the motion for a new trial was improperly overruled.

The petition described the petitioners as citizens of Howard county, but did not allege that they were resident freeholders, nor state the width of the proposed road, and for these reasons the appellants insist that the motion in arrest ·of judgment should have been sustained. The objection that ·the petition does not allege that the petitioners were resident freeholders comes too late. After verdict the most liberal intendment will prevail, and the defective averment will ·thus be supplied. The allegation, that the petitioners are ·citizens of the county, was an averment of their right to institute the proceedings, and though this averment was defective its defect has been cured by the verdict. *Smith* v. *Freeman,* 71 Ind. 85 ; *Felger* v. *Etzell,* 75 Ind. 417. This objection can not therefore prevail.

The objection that the petition does not state the width of the proposed road is equally untenable. The statute does not require any such statement, and it is not necessary, in order ·to enable the board of commissioners in the final order to

·define the width of the road. This objection therefore can not prevail.

This disposes of all the questions in this record, and as we are of opinion that each motion was properly overruled, the judgment should be affirmed.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment be and it is hereby in all things affirmed, at the appellants' costs.

Filed Feb. 14, 1884.