Lowe *et al. v.* Brannan *et al.*

Filed Jan. 28, 1886.

———◆———

No. 12,104.

LOWE ET AL. *v.* BRANNAN ET AL.

HIGHWAY.—*Appeal from Commissioners.*—*Special Finding.*—Upon appeal from the action of a board of commissioners in a proceeding for the improvement of a highway, it is not necessary that the circuit court, in a special finding, should set out the steps taken in the case before the commissioners.

SAME.—*Improvement of Existing Way.*—*Petition.*—Under a petition asking for the improvement of an existing highway, a new way can not be laid out. The order must be for such a way as the one described in the petition, without material departure from the existing line.

SAME.—*Description.*—Petitioners for the improvement of an existing highway must describe it with fair and reasonable certainty. It is not sufficient to describe it as it will exist if the improvement is made.

From the Carroll Circuit Court.

*A. W. Reynolds* and *E. B. Sellers*, for appellants.

*D. D. Dale*, for appellees.

ELLIOTT, J.—The appellants prosecute this appeal from the judgment of the circuit court, rendered in a case appealed from the commissioners' court, ordering that a highway be improved by straightening, grading and draining.

It is contended that the court erred in its conclusions of law, and one of the arguments advanced in support of this contention is, that the court did not state specifically in its special finding what steps were taken before the board of commissioners. We can not concur in the view of counsel. In our opinion it is not only unnecessary to set out the proceedings in detail in the special finding, but it would be improper to do so. Evidence is not to be stated in a special finding; facts only should be set forth. As it is the facts, and not the evidence that should be stated, it is certainly sufficient (if, indeed, so much be necessary or even proper) to state generally the steps taken in the commissioners' court. The doubt in our minds is whether it is even proper to state generally these matters in the special finding, for it seems to us that the facts which should be stated are such only as it is necessary to prove upon the trial. Whether the requisite preliminary steps have been taken, is for the court to determine from the record, for this is a question of law and not of fact. We are strongly inclined to the opinion that it is neither necessary nor proper to embody in a special finding a statement of the petition or of the orders of the commissioners, or like matters. If the case were submitted to a jury and a special verdict required, it would not be necessary to incorporate such matters in the verdict, and the same rule must apply to a special finding.

The petition prays for the improvement of a county road, and professes to describe it; while the special finding states that "There is no public highway on the line of said proposed improvement from the north end of Market street, in the town of Monon, to the section line, and thence east to the east side of the right of way of the Louisville, New Albany and Chicago Railroad, nor is there a public highway on

the line of said proposed improvement across Monon creek, and for one-fourth of one mile on each side of said creek, nor for one-half mile on the east end thereof next to the Tippecanoe river; that there is a public highway beginning at the south end of Market street, in said town of Monon, and extending eastward to the east side of the right of way of the Louisville, New Albany and Chicago Railroad; thence north to the section line; thence east to near Monon creek; north half a mile; thence east across Monon creek; thence south to section line; thence east to within a half mile of Tippecanoe river; that from the north end of Market street to the section line is about forty rods, and from that point east to the east side of the Louisville, New Albany and Chicago Railroad, is about twenty rods."

The petition does not ask for the location of a new way, but professes to describe an existing way, and the prayer is that it may be improved by straightening, grading and draining. It is clear that under a petition asking for the improvement of an existing highway, a new way can not be laid out. *Com.* v. *Cambridge,* 7 Mass. 158. The order for the location of the highway must be for such a way as the one described in the petition. *People* v. *Township Board, etc.,* 12 Mich. 434; *Brannan* v. *Mecklenburg,* 49 Cal. 672; *Damrell* v. *Board, etc.,* 40 Cal. 154; *Robinson* v. *Logan,* 31 Ohio St. 466.

An unimportant deviation from the line described would not vitiate the proceedings, but a material departure from the line described, or a change in the character of the thing petitioned for, would, in a direct attack, undoubtedly be cause for avoiding the proceedings.

In this instance there is a material difference between the thing petitioned for, and the thing ordered by the court. The petition professes to describe an existing highway, and asks that it may be improved; but, as the finding shows, instead of describing the highway as it exists, it describes the highway as it will exist if the improvement is made. Petitioners who seek to improve an existing highway by straightening

and grading must describe it with fair and reasonable certainty, for it is not sufficient to describe the highway as it will exist if the improvement should be ordered.

We have no doubt that upon a petition describing an existing highway, and praying for its change or improvement, the court may order the road to be laid out upon new ground, provided no material departure is made from the line of the existing highway. *Gipson* v. *Heath*, 98 Ind. 100. But, where the proceeding is to straighten or improve a highway, a new line can not be laid out or opened; the court can do no more than order that the existing road be improved. Here the court directed a highway to be opened where there is now none, and in this departed from the petition in a very material particular, for the petition does not ask for the opening of a new way, but simply asks the improvement of an old one. So, too, the court did not direct the improvement of an existing highway as described in the petition, for there is really no such highway described.

The judgment is reversed, with instructions to sustain the appellants' motion for a new trial, and for further proceedings in accordance with this opinion.

Filed Jan. 28, 1886.