## THRALL ET AL. *v.* GOSNELL ET AL.

[No. 3,987.    Filed January 9, 1902.]

HIGHWAYS.—*Petition to Establish.—Jurisdiction of County Commissioners.*—In proceedings to establish a highway, under §6742 Burns 1901, the board of commissioners has no jurisdiction unless the petition is signed by at least twelve freeholders of the county, six of whom reside in the immediate neighborhood of the proposed highway.  *p. 176.*

SAME.—*Petition to Establish Highway.—Amendment.*—The board of county commissioners has power to allow amendments to petitions to locate a highway.  *p. 176.*

PLEADING.—*Amendment of Answer.*—Courts are more liberal in permitting amendments to answers than to complaints.  *p. 176.*

SAME.—*Complaint.—Amendment.*—One test by which to determine whether or not a new cause of action is alleged by an amended complaint is to inquire whether the same evidence would support the original and amended complaint.  *p. 177.*

HIGHWAYS.—*Location of.—Amendment of Petition.*—Where the petition for the location of a highway was filed after due notice as required by statute, and subsequently an amended petition was filed materially changing the length of the proposed highway, no new notice being given, the board of commissioners had no jurisdiction to determine the matters set forth in the amended petition, since such amended petition was equivalent to a new proceeding.  *pp. 177, 178.*

From Rush Circuit Court; *Douglas Morris,* Judge.

Petition by Perry Gosnell and others for the establishment of a highway.  From a judgment for petitioners, defendants appeal.  *Reversed.*

*C. W. Mahin, B. A. Wilkins, W. H. Martin* and *J. D. Megee,* for appellants.

*B. L. Smith, C. Cambern* and *D. L. Smith,* for appellees.

ROBY, J.—Appellees filed a petition for the location of a public highway and the board of commissioners of Rush

Thrall *v.* Gosnell.

county, at its September term 1899, found that notice thereof had been given; that the petition was signed by twelve freeholders, six of whom resided in the immediate neighborhood of the proposed highway, and it thereupon appointed viewers in accordance with the statute, with directions to report at the October term. At that term the viewers reported that the proposed highway would be of public utility and that they had viewed and laid the same out as in the petition described. Remonstrances were separately filed by seven interested parties, in which the public utility of the proposed highway was denied and damages on account of its location demanded. Reviewers were thereupon appointed with directions to report at the November term. On the second day of that term and before the reviewers' report had been filed the petitioners asked leave to amend their petition, upon which the defendant moved "to dismiss the amended petition for the reasons (1) that it is not signed by the requisite number of freeholders, and (2) because no notice was given of its presentation." This motion was overruled, leave given to amend, and an amended petition filed which differed from the original in that the proposed highway was reduced in length from two and one-half miles to one and three-fourths miles. It was signed "Smith, Cambern and Smith for petitioners." No individual petitioner subscribing his name thereto. Thereupon the reviewers previously appointed by the board filed their report which was "accepted" and a new set of viewers appointed with directions to lay out and report upon the public utility of the proposed highway. This report was afterward made in favor of the improvement as in the first instance, and the road was ordered opened upon the payment of damages as assessed by the reviewers. From such judgment the appellants herein appealed to the circuit court where the motion to dismiss was renewed and overruled. The correctness of this ruling presents the first question for the consideration of this court.

There seems to be some disagreement among the authorities as to whether it must appear upon the face of a petition for the location of a public highway that twelve of the persons whose names are subscribed thereto are freeholders of the county and that six of them reside in the immediate neighborhood of the proposed highway. The affirmative of the proposition is declared in the following cases: *Conaway* v. *Ascherman,* 94 Ind. 187; *Early* v. *Hamilton,* 75 Ind. 376; *Watson* v. *Crowsore,* 93 Ind. 220. The negative, in *Brown* v. *McCord,* 20 Ind. 270; *Washington Ice Co.* v. *Lay,* 103 Ind. 48, 52; *Huff* v. *City of Lafayette,* 108 Ind. 14; *Head* v. *Doehleman,* 148 Ind. 145. But the cases are all agreed that unless such facts are established the board has no jurisdiction. *Little* v. *Thompson,* 24 Ind. 146; *Irwin* v. *Armuth,* 129 Ind. 340; *Forsyth* v. *Wilcox,* 143 Ind. 144; *Head* v. *Doehleman, supra.*

The reason for the statutory provision, §6742 Burns 1901, §5015 Horner 1901, is that in its absence the machinery of the law might be set in motion by persons having no interest in the subject-matter of the proceeding, and unaffected by the proposed improvement, thereby putting interested land owners to the expense of useless litigation or of making undesired improvements. *Conaway* v. *Ascherman, supra.*

The power to allow amendments to petitions in highway cases is well established. *Hedrick* v. *Hedrick,* 55 Ind. 78; *Burns* v. *Simmons,* 101 Ind. 557; *McKeen* v. *Porter,* 134 Ind. 483; *Bronnenburg* v. *O'Bryant,* 139 Ind. 17. The exercise of such power is not unlimited but is subject to review. *Burns* v. *Simmons, supra.* The courts exercise greater liberality in allowing the defendant to amend his answer than in permitting the plaintiff to amend his complaint, for the reason that the plaintiff may dismiss and commence another action while the defendant would in many cases, by the refusal of an amendment, forever lose his defense. *Garrison* v. *Goodale,* 23 Ore. 307, 31 Pac. 709;

Thrall *v.* Gosnell.

*Thorn* v. *Smith,* 71 Wis. 18, 24, 36 N. W. 707; *Brown* v. *Bosworth,* 62 Wis. 542, 22 N. W. 521; *Garvin* v. *Dawson,* 13 S. & R. (Pa.) 246, 248.

An amendment which changes the nature of a cause of action is not allowable after the trial has been concluded. *Levy* v. *Chittenden,* 120 Ind. 37, 41; *Proctor* v. *Owens,* 18 Ind. 21, 81 Am. Dec. 341. One test by which to determine if a new cause of action is alleged is to inquire if the same evidence would support both the original and amended complaints. *Ohio, etc., R. Co.* v. *Selby,* 47 Ind. 471, 497, 17 Am. Rep. 719; *Levy* v. *Chittenden, supra.*

When the so called amended petition was filed in this case, the petitioners had had a finding in their favor by the original viewers, and reviewers appointed on the application of the defendants were presumably ready to return a second report. The machinery of the law had been put in motion and the petitioners were either entitled to the establishment of the highway as asked or to nothing. The cause of action was wholly changed by the amendment. Evidence sufficient to justify the establishment of the one highway might be wholly insufficient as to the other. The board of commissioners recognized this fact and treated the amended petition as an original one appointing viewers thereon to report upon the public utility, and to lay out and describe the proposed highway. The trouble with this was that no notice had been given by means of which persons interested in the last described road could determine what, if any, action they desired to take in opposing or assenting to the proceeding. Assuming that the amended petition was signed by the attorneys of the petitioners, and for them as was no doubt the case, it does not follow that six of the freeholders included among them were residents of the immediate neighborhood of the last described highway. The board could not adjudicate this question because no notice had been given bringing interested parties into court, and it follows that the motion to dismiss should have been sustained.

The law is rightly liberal in allowing amendments, but there is a limit beyond which it is unsafe to go. The petitioners might have dismissed the proceeding and instituted a new one at trifling cost and small delay. No necessity existed for the attempt to substitute one cause of action for another and there is therefore no harshness in the disposition made of the case.

Judgment reversed, cause remanded with instructions to sustain motion to dismiss.