## SISSON ET AL. *v.* CARITHERS ET AL.

[No. 4,873. Filed November 17, 1904. Rehearing denied March 29, 1905.]

1. PLEADING.—*Highway Petition.*—*Amendment.*—The omission of the names of the owners of land through which a proposed highway will pass may be supplied by amendment.   p. 163.

2. SAME.—*Amendment.*—*Motion in Arrest.*—A judgment on a highway petition, which was defective but made good by an amendment, is not subject to a motion in arrest.   p. 163.

3. HIGHWAYS.—*Notice.*—*Jurisdiction.*—The board of commissioners has original jurisdiction of the establishment of highways, and where

the landowners are properly notified it has jurisdiction of the parties; and such jurisdiction is not lost by any irregularities in the proceeding thereafter.   p. 164.

4. Costs.—*Discretion of Court.*—The taxation of costs is largely within the discretion of the trial court, and except in case of abuse, such court's taxation will not be disturbed.   p. 164.

5. Highways.—*Width.—Failure to Specify in Viewers' Report.— Power of Court to Correct.*—The viewers' report need not specify the width of a proposed highway, but the order of establishment is void unless it sets out such width; and such defect may be corrected by the trial court or by an order of the Supreme or Appellate Court on appeal.   p. 164.

6. Same.—*Location.—Certainty.*—The description of the starting place of a proposed highway, "commencing at the southeast corner of the southeast quarter of section thirty-two," is certain.   p. 165.

7. Appeal and Error.—*Separate Motions.—Joint Assignment.*— Where separate motions are made by defendants, no question is presented by a joint assignment of errors.   p. 165.

8. Highways.—*Viewers' Report.—Objections.*—Objections to the viewers' report in a highway case, that such report is "insufficient in law" and that it was "not made in accordance with law," are unavailing.   p. 165.

From Vanderburgh Circuit Court; *Louis O. Rasch,* Judge.

Petition by Joseph Carithers and others for the establishment of a highway, against which Joshua S. Sisson and others remonstrate. From a judgment for petitioners, remonstrants appeal. *Affirmed.*

*Henry A. Yeager,* for appellants.
*Twineham & McGinnis* and *Buskirk & Brady,* for appellees.

Roby, J.—Appellees filed their petition for the location and establishment of a public highway in Gibson county. Viewers were appointed by the board of commissioners, in accordance with the statute, who reported that the proposed highway would be of public utility. Appellants, Sisson, Welborn, Hyneman and Yeager, thereupon filed their remonstrance upon the ground that the proposed highway would not be of public utility. Reviewers were thereupon

appointed, and thereafter filed a report in favor of the public utility and establishment of the proposed highway. The description of the same in both reports was identical. The width in the reviewers' report was fixed at thirty feet, but was not stated in the original report. Thereupon each of the appellants filed a separate remonstrance for damages. Reviewers were appointed thereon who reported, assessing damages as follows: Sisson, $100; Welborn, $40; Hyneman, $20; Yeager, $20. The board thereupon ordered that the highway be established as set out in the report, provided that the petitioners should pay the damages assessed as aforesaid to the county treasurer within thirty days from February 5, 1901. The petitioners thereupon filed a treasurer's receipt for said sum, and appellants prayed an appeal to the circuit court. Such proceedings were had as that the case was ultimately tried by a jury in the Vanderburgh Circuit Court; a verdict being returned in favor of the public utility of the proposed highway, and assessing damages to the appellants as follows: Yeager, nothing; Welborn, $35; Hyneman, $23.50; Sisson, $225. Appellants thereupon filed their written motion in arrest of judgment, which was overruled, and judgment rendered upon the verdict.

1. The eighth assignment of error is that the court erred in overruling appellants' motion in arrest of judgment. The original petition did not contain the names of the owners of the land through which the proposed highway would pass. It was however amended in the commissioners' court by the insertion of said names, upon leave granted, and the cause was tried in the circuit court upon such amended petition. The amendment was properly allowed. *Hedrick* v. *Hedrick* (1876), 55 Ind. 78.

2. Whatever force the objection originally had was taken from it by the amendment.

One page of appellants' brief is given over to a "plat of the proposed highway." The route described in the peti-

tion and that adopted by the viewers are thereon shown as being widely divergent, and a substantial portion of the argument is based upon such divergence. The return to a writ of *certiorari* shows that the identical route set up in the petition is followed in the report of the viewers and reviewers, the apparent difference being due to a clerical omission by the clerk. In accordance with the suggestion made in appellants' reply brief, we "let that pass."

3. The board of commissioners had original jurisdiction of the subject-matter of this proceeding. Appellants were notified of its pendency, appeared, and vigorously contested the issue. Whatever irregularities might have existed in the proceedings, it is manifest that the court did have jurisdiction at the end as at the beginning.

4. The question of costs was disposed of by apportioning them among the several parties, in a manner which is neither claimed nor shown to have been an abuse of the court's discretion, and which, so far as the appellant Yeager was concerned, is more favorable to him than he might have asked.

We are of the opinion that no substantial error was committed at any stage of the case, and the judgment is therefore affirmed.

## On Petition for Rehearing.

Roby, J.—5. It is vigorously urged in support of a petition for rehearing that the order fixing the width of the highway is invalid, inasmuch as it does not appear that the report of the viewers specified the width. It is not necessary that the width of a highway be stated in the viewers' report. *Campbell* v. *Fogg* (1892), 132 Ind. 1; *Watson* v. *Crowsore* (1884), 93 Ind. 220-222. The statute fixes the minimum width of county and township roads, and requires that the order for the laying out of any highway shall specify the width thereof. §6755 Burns 1901, §5028 R. S. 1881. An order establishing such highway which fails

to specify the width is void. *Hudson* v. *Voreis* (1893), 134 Ind. 642; *Helms* v. *Bell* (1900), 155 Ind. 502. The defect is one which the court may correct, and an order for such correction may be made by the Supreme or Appellate Courts. *Sidener* v. *Essex* (1864), 22 Ind. 201; *Merom Gravel Co.* v. *Pearson* (1904), 33 Ind. App. 174.

6. The petitioners asked the establishment "of a public highway on or as near to the following described route as practicable, to wit: Commencing at the southeast corner of the southeast quarter of section thirty-two," etc. The starting place of the proposed highway is definitely and accurately fixed, and the petition in that respect was sufficient.

7. The motion for arrest of judgment was a separate and several motion. The assignment of errors is a joint assignment by the four appellants.

8. Objections to the viewers' report were made by only three of the appellants. Such objection, so far as it was not remedied by amendment, was that the report is "insufficient in law," and "not made in accordance with law,"—reasons which "amounted to nothing." *Long* v. *Ruch* (1897), 148 Ind. 74.

There are other defects in the appeal, which have been disregarded in order to dispose of the appeal upon its merits.

Petition for rehearing overruled.