STAUFFENBERG v. MAKEEVER ET AL.

[No. 10,248. Filed January 6, 1920.]

1. HIGHWAYS.—*Establishment.*—*Failure to Specify Width.*—*Validity of Order.*—*Statute.*—An order establishing a highway which fails to specify the width of the proposed road, as required by

§7794 Burns 1914, §5028 R. S. 1881, relating to the width of county and township roads, except by reference to the viewer's report, which stipulated only an indefinite width of not less than forty feet, was insufficient to comply with the statute. p. 83.

2. HIGHWAYS.—*Establishment and Improvement.—Petition.—Requisites.*—Preliminary to the establishment and improvement of a new highway, and as necessary to the jurisdiction of the board of county commissioners to so act, there must be a petition, signed by fifty freeholders and voters of the township, asking for both establishment and improvement. p. 83.

3. HIGHWAYS.—*Establishment and Improvement.—Void Order.—Collateral Attack.*—An order for the establishment and improvement of a proposed highway, supported only by a petition asking for the establishment of the proposed road, is void, and subject to collateral attack. p. 84.

From Jasper Circuit Court; *Charles W. Hanley,* Judge.

Action by August C. Stauffenberg against Daniel S. Makeever and others. From a judgment for defendants, the plaintiff appeals. *Reversed.*

*Moses Leopold* and *W. H. Parkinson,* for appellant.

*George A. Williams,* for appellees.

NICHOLS, C. J.—This action is by appellant against appellees, the board of commissioners, treasurer and auditor, all of Jasper county, Indiana, Harvey W. Wood, trustee of Marion township, said county, and Marion I. Adams and Harry McGee, contractors, to enjoin said commissioners from entering into a contract with said contractors for the construction of a certain highway improvement in said county, to enjoin said auditor and treasurer from selling bonds in anticipation of the payment of said improvement, to enjoin said trustee from opening a part of said highway sought to be improved, and to enjoin said contractors from entering upon the lands of appellant

for the purpose of constructing said improvement, and from constructing same, for the reasons that: (1) The judgment of the board of commissioners establishing the new highway through appellant's land does not fix the width of the same, and is therefore subject to collateral attack. (2) The board of commissioners has no authority and is without jurisdiction to establish a new highway, and in the same judgment order said new highway improved when the petitioners in their petition only ask for the establishment of the same.

These questions were raised by appellees' demurrer to the complaint, which was sustained, and this ruling of the court is the only error presented.

The part of the highway that presents the questions involved in this appeal commences at the southwest corner of section 4, township 28 north, range 6 east; thence north on the section line between sections 4 and 5, one-fourth mile; thence west one-eighth mile; thence north one-half mile; thence east one-eighth mile; thence north on the section line to the northwest corner of said section 4. By relocation, the one-eighth mile bend in said highway was eliminated, that portion of the highway being re-established on the section line, making the road on the section line for the full distance between sections 4 and 5. In addition, at the half-section line, a highway was located running west to the eighth-mile road vacated, for the purpose of connecting up a highway running west from said vacated road. It is the establishment and improvement of this connecting highway, 465 feet long, without a prayer for such improvement in the petition, that is challenged by appellant as one of the errors committed. By the report of the viewers,

"*the width of the highway proposed to be opened and established and improved is not less than forty* (40) *feet,* of which twenty-two feet in the center thereof is to be graded and gravel and stone to the width of ten feet laid thereon." The order of the board of commissioners provides that "the proposed improvement as described in the report of the engineer and viewers be, and the same is hereby established." Appellant contends that such an order is indefinite, that no width is fixed, and that therefore such judgment is void and subject to collateral attack.

It has been expressly held that an order establishing a highway which fails to specify the width as required by statute is void (*Sisson* v. *Carithers* [1905], 35 Ind. App. 161, 72 N. E. 267, 73 N. E. 924), and the opening of the highway may be enjoined. *Erwin* v. *Fulk* (1884), 94 Ind. 235; *Hudson* v. *Voreis* (1893), 134 Ind. 642, 34 N. E. 503; *Helms* v. *Bell* (1900), 155 Ind. 502, 58 N. E. 707. In this case, the order establishing the improvement fails to specify any width except by reference to the report, which contains only the indefinite width of not less than forty feet. This is not sufficient to comply with the statute which requires the order establishing the highway to specify the width. §7794 Burns 1914, §5028 R. S. 1881.

The petition, after praying for the improvement of the highway except the connecting highway, prays for the establishment of such connecting highway, but is wholly silent as to the improvement of such connecting highway. But the report of the viewers, and the order of the board of commissioners, without any petition therefor, undertake to provide for the improvement thereof. Preliminary

to the establishment and improvement of a new highway, and as necessary to the jurisdiction of the board of commissioners so to act, there must be a petition for such establishment *and improvement* signed by fifty freeholders and voters of the township.

3.    There being no such petition, there could be no jurisdiction to establish and improve, and the order for such establishment and improvement is void, and subject to collateral attack.  These defects in the proceedings for the establishment and improvement of the highway appearing in the complaint, which seeks to enjoin the construction of such improvement, the demurrer thereto should have been overruled.

The judgment is reversed, with instruction to overrule the demurrer to the complaint, and for further proceedings.