## COLE v. BOARD OF COMMISSIONERS OF NOBLE COUNTY ET AL.

[No. 11,599. Filed April 3, 1923. Rehearing denied June 29, 1923. Transfer denied April 7, 1925.]

1. HIGHWAYS.—*Township Line Road Law of 1909 was not repealed by County Unit Road Law.*—The Township Line Road Law of 1909 (Acts 1909 p. 263, §7739a et seq. Burns 1914) was not repealed by the County Unit Road Law of 1919 (Acts 1919 p. 531, §7648b1 et seq. Burns' Supp. 1921). p. 647.

2. HIGHWAYS.—*Straightening, of road petitioned for by departing from line of old road so as to avoid a dangerous curve does not render proceedings void.*—Since §1 of the Township Line Road Law of 1909 (Acts 1909 p. 263, §7739a Burns 1914) provides that in improving a road under that act, the road may be changed whenever necessary to avoid bluffs, hills, ravines and other obstacles for a distance of not more than one-half mile, an order of the board of county commissioners straightening the road to be improved by departing from the old road for less than a half mile so as to avoid a dangerous curve is not void. p. 648.

3. HIGHWAYS.—*Petition for improvement of highway. considered amended, on appeal, so as to conform to order for improvement, thus validating improvement ordered.*—Since §§7730 and 7739e Burns 1914, Acts 1905 p. 521, Acts 1909 p. 263, authorize amendments to petitions for highway improvements, where, on the recommendation of the viewers and engineer, the board of commissioners omitted from the improvement two miles of the improvement petitioned for, and the petitioners acquiesced therein, the petition, on appeal, will be considered as amended to conform to the order for the improvement, and such order would not be void and therefore subject to collateral attack. pp. 649, 653.

4. HIGHWAYS.—*Order for improvement which omits two miles of road petitioned for not subject to collateral attack when petitioners acquiesced therein.*—An order for the improvement of a highway which omitted from the improvement two miles of road petitioned for is not void so as to be subject to collateral attack when the viewers and engineer appointed to examine the proposed improvement recommended the elimination of said two miles and the petitioners acquiesced therein. p. 649.

5. HIGHWAYS.—*Order for improvement may rightfully omit part of road petitioned for when it has been sufficiently improved.*—If a petition for the improvement of a highway includes a part of the road, at one end, which has been sufficiently improved to conform with the proposed improvement, the board of commissioners may rightfully omit that part from the order and enter an order for the improvement of the remainder of the road petitioned for. p. 649.

6. HIGHWAYS.—*Township line road may be built of concrete.*—Although the act of 1909 for the improvement of township line roads (Acts 1909 p. 263, §7739a *et seq.* Burns 1914) only expressly authorizes the improvement of any such road by graveling or improving "with stone or other macadamizing material," it does not prohibit the use of cement as a filler or binder and consequently it does not forbid the construction of a concrete road composed of stone and cement. p. 649.

7. APPEAL.—*Special finding failing to find facts alleged in complaint is finding against the plaintiff.*—The failure of the trial court to find facts alleged in the complaint must be deemed a finding against the plaintiff as to such allegations. p. 651.

8. HIGHWAYS.—*Objector failing to remonstrate against change of location of road held to have acquiesced therein.*—An objector to the improvement of a township line highway who failed to exercise his right to remonstrate against the improvement of the road as reported by the viewers will be held to have acquiesced in the report of the viewers and in the action of the board of commissioners approving the report which made changes in the location of the road as described in the petition. p. 654.

9. HIGHWAYS.—*Amendment of petition will be deemed to have been made to conform to change of location of road when attack on proceeding for improvement is collateral.*—In a collateral attack on the order and proceedings for a highway improvement because two miles of the road petitioned for were omitted therefrom, it will be presumed on appeal that the petitioners acquiesced in the change and, as they had a

right to amend the petition to conform to the change, such amendment will be deemed to have been made (*Thrall* v. *Gosnell*, 28 Ind. App. 174, distinguished). p. 654.

From Dekalb Circuit Court; *Dan M. Link*, Judge.

Suit by John J. Cole to enjoin highway improvement and the sale of bonds to pay for the same, to which the board of commissioners of Noble county and others were made defendants. From a judgment for defendants, the plaintiff appeals. *Affirmed.*

*Luke H. Wrigley* and *Vermont Finley*, for appellant.
*Chester Vanderford, Ethan L. Arnold* and *Redmond & Emerick*, for appellees.

McMahan, J.—On April 1, 1918, a petition signed by the requisite number of freeholders was filed with the auditor of Noble county, pursuant to Acts 1909 p. 263, §§7739a-7739n Burns 1914, asking for the improvement of a certain highway extending west from the city of Kendallville on the boundary line between certain named townships. The part of the road to be improved was described in the petition as beginning at the point where the west corporation line of the city of Kendallville intersects said highway; then running west to the point where said road curved to the north to pass Sakrider Lake; then following said highway as then constructed northwesterly; then southwesterly to the township line and then west on the line between Orange and Jefferson townships to a point four and one-half miles west from the city of Kendallville.

Such proceedings were had in relation to said petition as resulted in it being referred to the county engineer and two viewers, in June, 1920, with directions to examine the proposed improvement and to report thereon. In January, 1921, the engineer and viewers filed their reports recommending that the road be improved

commencing at a point eighty-three feet west of the starting point described in the petition, then following the line as described in the petition until the road turns north and west to pass the lake, where the improvement as recommended does not follow the line of the old road as described in the petition, but runs south of the old road and nearer the lake, the greatest distance of divergence being 330 feet. The western terminus of the improvement as recommended in said report is two miles east of the west terminus as described in the petition. No improvement was recommended by the viewers on the west two miles of the road described in the petition. The viewers, in their report, found that public convenience and necessity required, in order to eliminate a dangerous curve, that the road be straightened across the curve around the lake and for that reason they varied the line of the highway to be improved from the existing highway for a distance of 1,200 feet. They also recommended that the road be improved by grading, draining and paving the traveled portion thereof with a cement concrete pavement. This report was approved, and, without any amendment being made to the petition, the improvement was ordered, and such other proceedings had as resulted in a contract being entered into by the board of commissioners for its construction and bonds ordered issued and sold for the purpose of paying for such improvement.

Appellant, as a taxpayer, on behalf of himself and others, commenced this action to enjoin appellee from causing said improvement to be made and to enjoin it from selling the bonds so ordered sold. Judgment having been rendered against appellant, he appeals.

Appellant contends first: That the commissioners had no power or authority to establish or construct the improvement described in the report of the engineer and viewers because the improvement as reported in such

report is materially different from the improvement petitioned for and described in the petition, in that it commences eighty-three feet west from the commencing point described in the petition, is in part located on a line where no highway exists and that the west end or terminus of the road ordered improved is two miles east of the west end of the road described in the petition. Second: That the board of commissioners had no authority under the law to improve the highway in question by paving it with a cement concrete pavement; that the only authority the commissioners had under the law was to construct "turnpike, gravel, stone or macadamized roads" and that the act of the board attempting to establish the improvement described in the complaint is void and subject to collateral attack. Third: That said §§7739a-7739n Burns 1914, *supra,* were repealed by the County Unit Road Law, Acts 1919 p. 531, before any steps had been taken under the petition, except the giving of notice of its pendency. Fourth: That the order of the board is void because it does not fix the width of the road nor the width of the pavement to be constructed.

Said §§7739a-7739n Burns 1914, *supra,* give the board of commissioners power as therein provided, to lay out, establish and construct a turnpike, gravel, stone or macadam road, or to improve by "straightening, grading, graveling with stone or other macadamizing material" any road or parts of a road running on or along the boundary between any two or more townships outside the corporate limits of any city or town, and to issue and sell bonds to raise the money with which to lay out, construct and improve such road. Section 7739a Burns 1914, *supra,* as amended in 1913, (Acts 1913 p. 762) provides that in laying out or improving any such roads, the same may be laid out, or changed in making improvements, so as to vary from

the township line, whenever necessary in order to avoid bluffs, hills, ravines or other obstacles, for a distance of not to exceed one-half mile.

Appellee concedes that if the Township Line Road Law, §7739a *et seq.* Burns 1914, Acts 1909 p. 263, was repealed by the County Unit Road Law, §7648b1 *et seq.* Burns' Supp. 1921, Acts 1919 p. 531, it had no power or authority to enter the order for the improvement of the road in question.

If the act of 1909, providing for the improvement of roads on township lines was repealed by the act of 1919, it was by implication and not by any positive statement. Can it, in reason, be said that the County Unit Road Law of 1919 manifests a clear intent and purpose on the part of the legislature to repeal the act of 1909 providing for the improvement of roads on township lines? As was said by the court in *Board, etc.,* v. *Garty* (1903), 161 Ind. 464, 469, "It is a familiar rule, and one universally affirmed by the authorities, that a repeal by implication is not favored. In accordance with this rule, two or more acts on the same subject must, if possible, be so construed that both may be permitted to stand. It has been repeatedly affirmed by the decisions of this court that implied repeals are only recognized and upheld when the later act is so repugnant to the earlier as to render the repugnancy or conflict between them irreconcilable. A court will always, if possible, adopt that construction which, under the particular circumstances in a given case, will permit both laws to stand and be operative."

Section 2 of the act of 1909, §7739b Burns 1914, *supra,* provides that when a petition signed by fifty or more "adult freeholders" of the townships abutting the road which it is proposed to improve shall file their petition, the auditor of the county shall cause notice to be given of the day when the same will be presented to

the commissioners. Section 5 of the act, §7739e Burns 1914, provides that the "board of commissioners may, if such board in its discretion, deem the same advisable, make an order causing such petition to be spread of record," and refer the matter to an engineer and viewers. The engineer and viewers by section 7 are required to view the road, to make needful surveys and to make a report, to which report any tax-payer of any of the townships named in the petition may file a remonstrance, and be entitled to a hearing on the question of public utility and convenience before the board of commissioners. Section 11 provides that no contract shall be let on a bid higher than the estimate made by the viewers. Section 12 provides for the issuance of serial bonds, one series and interest being payable every six months. Section 14 provides that subsequent proceedings shall be taken pursuant to sections 77 to 82 of "An act concerning highways," approved March 8, 1905, (Acts 1905 p. 521) which sections are expressly saved from repeal by §44 of the act of 1919.

Section 5 of the act of 1919 requires that the petitioners for an improvement under that act must be "freeholders and voters." The qualifications of the petitioners under the act of 1909 is that they shall be "adult freeholders of the townships," not necessarily voters. Such petitioners, under the act of 1909, might all be people of foreign birth not yet qualified to vote, or they might be citizens of this country but not voters by reason of having been disfranchised upon conviction of some crime. Under the act of 1909, the board of commissioners appointed viewers whose duty it was to view the proposed improvement and make a report, while, under the act of 1919, the commissioners act as viewers. Under the act of 1909, the question as to whether the petition should be referred to the viewers and whether any further steps were to be taken was

left to the discretion of the board of commissioners, while under the act of 1919, the board was required to act. The act of 1919 being amendatory in form rather than permissive, with the provision, however, in section 38, that if the board reports that the proposed improvement is of public utility, the matter shall be referred to the county council to pass finally upon the question as to whether the improvement shall be made.

The acts of 1909 and 1919 provide two separate and distinct courses under which the improvement in question can be made. There is not such an irreconcilable conflict between the two acts as requires us to hold that the later act repealed the earlier. We, therefore, conclude that the act of 1909 providing for the improvement of roads on township lines is not repealed by the act of 1919, and that the former act is still in force.

1.

Is the action of the board of commissioners void because the improvement as ordered does not cover the whole length of the road as described in the petition and because about 1,200 feet of the road ordered improved is on a new road laid out for the purpose of straightening the old road in order to eliminate a dangerous curve? Many of the cases cited by appellant in support of his contention that the action of the board is void because of the variance between the route described in the petition and that described in the order relate to the opening of highways and the improvement of highways where there was a direct attack by appeal.

In *Lowe* v. *Brannan* (1886), 105 Ind. 247, the board of commissioners ordered that a highway be improved by straightening, grading and draining. The petition professed to describe an existing road. It did not ask for the location of a new road. The court found that there was no road for more than a mile of the route ordered improved; that the route described in the peti-

tion was the route as it would exist after the improvement and not of an existing highway. It was there held, on a direct attack by appeal, that, under a petition asking for the improvement of an existing highway, a new one could not be laid out. The court saying: "An unimportant deviation from the line described would not vitiate the proceedings, but a material departure from the line described, or a change in the character of the thing petitioned for, would, in a direct attack, undoubtedly be cause for avoiding the proceedings. * * * We have no doubt that upon a petition describing an existing highway, and praying for its change or improvement, the court may order the road to be laid out upon new ground, provided no material departure is made from the line of the existing highway."

In *Stauffenberg* v. *Makeever* (1920), 72 Ind. App. 80, 125 N. E. 584, the court held an order for the establishment and improvement of a highway not specifying the width, as required by §7794 Burns 1914, §5028 R. S. 1881, was void, and that, in such a case, the petition must ask both for establishment and improvement.

The board of commissioners in the instant case had jurisdiction over the subject-matter and over the parties, including appellant and all the other taxpayers of the several townships affected.

2.    Section 7739a Burns 1914, *supra,* provides that, in improving roads under the act of 1909, such roads may be changed whenever necessary in order to avoid bluffs, hills, ravines or other obstacles for a distance of not more than one-half mile. And we hold that the straightening of the road by departing from the old road where it ran to the north, around the lake, in order to eliminate a dangerous curve did not render the proceedings void.

Sections 7730 and 7739e Burns 1914, Acts 1905 p. 521, Acts 1909 p. 263, authorized the amendment of the petition. Under these sections, the petition could have been amended so as to ask for the improvement of that part of the road which was included in the order of the board and by omitting the west two miles described in the petition. The petitioners in the instant case acquiesced in the action of the board in omitting part of the road described in the petition from the order directing the making of the improvement. The petition will therefore be considered as amended by the petitioners so as to conform to such order. The act of the board of commissioners in ordering the improvement of a part only of the road described in the petition, was not void, and was not, therefore, subject to collateral attack, as attempted in this action. *Board, etc.,* v. *Harrell* (1897), 147 Ind. 500.

It may be that the part of the road described in the petition and which was not ordered improved had been theretofore sufficiently improved so as to conform with the proposed work. If so, the board could rightfully omit that part from the order and direct the balance of the road improved. *Evans* v. *West* (1894), 138 Ind. 621.

Passing next to the contention of appellant that the board had no authority under the act of 1909, to improve the highway in question with a cement concrete pavement. Appellant refers to §7712 *et seq.* Burns 1914, Acts 1905 p. 521, and says that since no improvements of more than three miles could be made under that act unless authorized by the voters of the townships involved, and under the act of 1909 amending said act of 1905, the improvement of a road less than three miles in length could be defeated by remonstrances, it cannot be presumed the legislature, in enacting the township line road law, Acts 1909 p.

263, *supra,* intended to give the board of commissioners absolute power to improve such roads with an expensive pavement, such as concrete, when, under the act of 1905, they had no such right, but where their power to act was subject to the result of an election if the road to be improved was three miles or more in length, and where, if it was less than three miles in length, remonstrances could be filed.

The legislature in 1909, Acts 1909 p. 353, amended §72 of the act of 1905 by providing that, in improving roads outside of cities and towns, the materials used for such purpose should "be such materials as are usually employed in the construction of country roads, such as gravel, broken stone and combinations thereof, and that street paving materials shall not be used except upon streets within the corporate limits of cities and towns." Section 72 was so amended in 1913 (Acts 1913 p. 514, §7721 Burns 1914) as to omit the prohibition against "street paving materials" found in the 1909 amendment. We will not enter into a discussion of the purpose or effect of this amendment. This subject was considered by the court in *Metsker* v. *Whitsell* (1914), 181 Ind. 126, where it was held that the legislature in authorizing the use of "gravel, broken stone and combinations thereof," did not prohibit the use of coal tar, cement or asphalt as a binder. Section 7739a Burns 1914, *supra,* authorized the commissioners to construct a "turnpike, gravel, stone or other macadamized road" or to improve them by "straightening, grading, graveling with stone or other macadamizing material." On the authority of *Metsker* v. *Whitsell, supra,* and *Whitesell* v. *Metsker* (1918), 188 Ind. 1, where this question is fully discussed, we hold that said §7739a Burns 1914, *supra,* did not prohibit the commissioners from improving a road by using stone with cement as a filler or binder.

The engineer and viewers reported and recommended the paving of the highway in question with "Portland cement concrete" pavement, the width of the highway being forty-five feet and the width of the part to be paved being eighteen feet. The materials to be used were sand, mixed with crushed stone, slag or gravel, and cement. The proportion of each and the method of mixing, etc., being specifically set out in the report. There certainly can be no question but that the commissioners were authorized to use sand, crushed stone, slag and gravel in making the proposed improvement, and we do not think the addition of cement rendered the action of the board void.

Appellant in his complaint alleged that the action of the board of commissioners was void because the order of the board did not fix the width of the road or

7. the width of the improvement to be made. There is no finding that the board did not make and enter of record an order fixing both the width of the road and of the improvement. The failure of the court to find the facts as alleged in the complaint must be deemed a finding against appellant on this question.

The court did not err in its conclusions of law. The judgment is therefore affirmed.

### PETITION FOR REHEARING.

McMAHAN, C. J.—Appellant, in support of his petition for rehearing insists that we erred in holding the action of the board of commissioners was not void and subject to collateral attack because the road as ordered improved did not coincide with the line of the road as described in the petition, but departed therefrom for a distance of about 1,200 feet where the road passed around the lake and also because the road as ordered improved did not include the west two miles of the road described in the petition.

Appellant says the opinion in this case is in conflict with *Cincinnati, etc., R. Co.* v. *Board, etc.* (1922), 192 Ind. 1, 134 N. E. 782; *Stauffenberg* v. *Makeever* (1920), 72 Ind. App. 80, and *Wilson* v. *Board, etc.* (1923), 79 Ind. App. 250, 137 N. E. 783. In the first case cited, a petition had been filed with the board of commissioners for the improvement of a certain highway which crossed the railroad at grade. The petition was referred to viewers who reported in favor of improving a highway which followed a course different from the existing highway for more than half its length. The road as ordered improved crossed the railroad several hundred feet from the old crossing and at a point where the railroad track was laid on an embankment and, instead of crossing the railroad at grade, the commissioners ordered that the road at this point should cut through the railroad embankment and run under the railroad tracks. It was there held that the board of commissioners had no jurisdiction to establish and order an undergrade crossing, that the railroad had the right to choose the kind of crossing to be constructed and that such right could only be controlled by the Public Service Commission. No other question was there decided. The real purpose of the proceedings in that case was to establish a crossing where the highway would pass under the railroad track, instead of going over it at grade.

In *Wilson* v. *Board, etc., supra,* the petition was filed under §7712 Burns 1914, Acts 1913 p. 418, and asked for the improvement of five roads which it was alleged were connected and constituted one system, with a request that they all be voted on as one road at an election to be held for that purpose. Without any amendment of the petition, the viewers, in an amended report, eliminated road No. 5. This report was approved and an election ordered as required by law where-

by the voters were given an opportunity to determine whether the remaining four roads should be improved as one system. A majority of the ballots cast was in favor of improving the four roads as one system. Pursuant to notice, sealed bids were received for the construction of the four roads, and, without any reason being given, the board rejected the bid for the construction of the fourth road and no contract for its improvement was ever made. The jurisdiction of the board to authorize the improvement depended on the result of the election. There was no authority to amend the petition after the election and the board of commissioners had no power to treat the several roads as separate units and to let a contract for the improvement of three of them and refuse to let a contract for the other one. A sufficient reference was made to the case of *Stauffenberg* v. *Makeever, supra,* in the main opinion. Neither of these cases is in point and they are not of controlling influence in the instant case.

The petitioners were, under the statute, given the right to select the road they desired to have improved, and, having selected such road, it was for the commissioners to determine whether the request of the petitioners would be granted. If the viewers and the commissioners omitted part of the road described, the petitioners could amend the petition to comply with the recommendation of the viewers, and the board having acted and ordered the road improved as described in the report, the petition will be deemed amended. As said by the court in *Board, etc.,* v. *Harrell* (1897), 147 Ind. 500: "If they acquiesced in such an order by not taking proper steps to correct the same the petition would be considered as amended by the petitioners to conform to such order."

Under §7739g Burns 1914, Acts 1909 p. 263, appellant had the right to file a remonstrance within ten days

8. after the filing of the viewers' report against the improvement of the road as reported, and, in case of an adverse ruling, he had a right of appeal to the circuit court. And, not having filed any remonstrance, he too will be held to have acquiesced in the report of the· viewers and the action of the board in approving such report. As was said by the court in *Jones, Treasurer, etc.,* v. *Cullen* (1895), 142 Ind. 335, 343: "It will therefore be presumed, in aid of the ·order upon a collateral attack against the same, that every fact necessary to its validity existed." See, also, *Gold* v. *Pittsburgh, etc., R. Co.* (1899), 153 Ind. 232; *Koepke* v. *Hill* (1901), 157 Ind. 172, 176, 87 Am. St. 161; *Gilson* v. *Board, etc.* (1891), 128 Ind. 65, 76, 11 L. R. A. 835; *Harrod* v. *Littell* (1912), 51 Ind. App. 418, 422; *Bailey* v. *Board, etc.* (1914), 57 Ind. App. 285, 289.

Appellant next attacks that part of the opinion wherein we held the petition would ·be deemed amended to conform to the final order of the board, and insists that this holding is in conflict with *Thrall* v. *Gosnell* (1902), 28 Ind. App. 174. Appellant makes no contention that the petition could not have been amended by the petitioners, so as to omit that part of the road which the engineer and viewers omitted from their report and which was also omitted from the order of the board. He insists that, since the court in the instant case found the facts specially, and found, as a matter of fact, that the petition was not amended, the court cannot deem the same to have been amended. We cannot concur in this contention. The rule is only applicable in cases where there has, as a matter of fact, been no amendment. The board had jurisdiction of the subject-matter and of the parties. It had the right to permit the petitioners to amend their petition by omitting therefrom that part of the road which was omitted

from the report of the viewers. We are not without precedent in holding that, since the petitioners had the right to amend their petition by omitting that part which the viewers and commissioners omitted and since the petitioners acquiesced in the omission, the petition will, in a collateral attack on the proceedings, be deemed to have been amended. *Board, etc.*, v. *Harrell, supra.* The question now under consideration was not passed on by the court in *Thrall* v. *Gosnell, supra,* where there was a direct attack on the jurisdiction of the board by a motion to dismiss which was filed with the board. The attack in that case was direct. Here it is collateral.

Petition for rehearing denied.